THE STATE OF KANSAS V. FRANK P. PLAMONDON.*

No. 15,051    (89 Pac. 23.)

SYLLABUS BY THE COURT.

1. CONTEMPT—*Violation of Injunction—Druggist's Permit.* In a contempt proceeding for the violation of a judgment, enjoining the maintenance of a common nuisance, awarded under chapter 338 of the Laws of 1903, where the keeping of the place and the illegal sales of intoxicating liquors made in it by the accused must be held illegal and in violation of the order of injunction even if he had a druggist's permit, proof of the lack of such a permit is not necessary to a conviction.

2. ——— *Attorney's Fees—Costs.* In such a proceeding the court in rendering judgment against the defendant is authorized to award as costs a reasonable attorney's fee, payable to the attorney prosecuting the case, and under the testimony

---

* Pending in the supreme court of the United States on a. writ of error allowed December 9, 1907.

A motion in this case to allow an attorney's fee for services in the supreme court was denied in an opinion filed November 9, 1907.—REP.

herein it is *held*, that an allowance of $100 as an attorney's fee was not unreasonable.

Appeal from Shawnee district court; ALSTON W. DANA, judge. Opinion filed February 9, 1907. Affirmed.

*C. C. Coleman*, attorney-general, and *T. F. Garver*, assistant attorney-general for Shawnee county, for The State.

*Galen Nichols*, for appellant.

The opinion of the court was delivered by

JOHNSTON, C. J.: Frank P. Plamondon was enjoined from keeping and selling intoxicating liquors in two rooms of a building in Topeka in violation of law, and from using or permitting the rooms to be used as a place for the unlawful sale of intoxicating liquors. Subsequently he was accused of violating the order of injunction by keeping and maintaining the rooms as a place in which intoxicating liquors were unlawfully kept for sale and sold, and where persons were permitted to resort for the purpose of drinking intoxicating liqours, and, notwithstanding the order of injunction, of continuing to sell intoxicating liquors in the place in violation of law. The trial upon the accusation for contempt resulted in a conviction, and the judgment was a fine of $500, imprisonment in the county jail for six months, and for costs, including an attorney's fee of $100, to be paid to the attorney prosecuting the case.

On this appeal it is first contended that the proof did not warrant the conviction, because it was not shown that the defendant was without a druggist's permit to sell liquor in that place. The state contends that it is not required to prove the absence of a permit, and that, even if such proof is ever required, it is not material in this case, as the testimony was abundant that with or without a permit the place was kept and conducted

in violation of law, as well as the order of injunction. There was proof that the defendant was not keeping a drug-store, nor selling drugs; that in the back room of the place there was a temporary bar, a beer-pump, and the usual paraphernalia of a saloon; that crowds of men congregated there for the purpose of drinking intoxicating liquors, which were illegally sold and served to customers by white-aproned attendants; and that intoxicating liquors were sold on request, without affidavit, or without any regard to the purpose for which it was purchased or the use which was to be made of it. The fact that a pharmacist was not employed in the place and that liquors were sold to be drank on the premises without observing the requirements prescribed for druggists, the indiscriminate sale of liquor to all customers, and the fact that a large number of people assembled there and used the place as a drinking resort, show plainly enough that defendant was not conducting a drug-store, but was in fact maintaining a nuisance and carrying on the identical business which the order of the court prohibited. The possession of a permit would have furnished the defendant no excuse for these violations of the law and of the order of injunction, and proof that the defendant was without a permit was therefore not necessary to a conviction.

Objection was made to the admission of testimony of matters showing the connection of the defendant with the joint prior to November 18, 1905, when the order of injunction was made. One witness, who was an officer of the state board of pharmacy, visited the place in September, 1905, and inquired if there was a regular pharmacist in the store. Defendant was present and informed the witness that he was the proprietor; that he was not a pharmacist, and that no drugs were sold there under any consideration. Another witness testified about finding the defendant in charge of the place and exercising acts of ownership there in the preceding January. The testimony of each was introduced and admitted to show the proprietorship of the

defendant, and not for the purpose of showing violations of the injunction order. In connection with other testimony, it was competent as tending to show ownership and control of the premises where the illicit business was conducted; and when the other testimony was considered in connection with this it was sufficient to show continued ownership and control from the times mentioned up to the beginning of the contempt proceeding.

The right of the court to give judgment for an attorney's fee is also questioned. The statute expressly authorizes an award for attorney's fees in a suit for abating and enjoining a nuisance. (Laws 1903, ch. 338.) A like statute has been held to justify an allowance of an attorney's fee as a part of the costs in a proceeding for contempt which is incidental to a suit for an injunction. (*The State, ex rel., v. Durein,* 46 Kan. 695, 27 Pac. 148.) It is argued that the statute referred to provides only for an award of attorney's fees in suits for injunctions, but does not cover proceedings for contempt. The proceeding for contempt, although criminal in its nature, is an incident to, and one of the final steps in, the suit for an injunction. It was remarked by Mr. Justice Porter, in the recent case of *The State v. Thomas,* 74 Kan. 360, 86 Pac. 499, that "the proceeding is a part of the original case and the court properly took judicial notice of the previous order granted in that case." (Page 369.) The appellant insists that the testimony did not justify the allowance which was made. The proof that was offered furnished a basis for the finding, and when the court applied its own general knowledge of the value of such services under the rule governing the measurement of testimony it cannot be held that the award is unreasonable. (*Noftzger v. Moffett,* 63 Kan. 354, 65 Pac. 670.)

The judgment of the district court is affirmed.