### CHARLES FRITZ v. THE STATE OF KANSAS.

No. 16,008.

#### SYLLABUS BY THE COURT.

CONSTITUTIONAL LAW—*Equal Protection of the Law—Attorney's Fee—Abatement of Liquor Nuisance.* The statute providing for the abatement of a nuisance maintained in violation of the prohibitory liquor law, which authorizes the court in awarding judgment in favor of the plaintiff to allow and tax as costs an attorney's fee for plaintiff's attorney (Laws 1903, ch. 338), is not repugnant to the guaranty of the equal protection of the law made by the federal constitution.

Error from Saline district court; ROLLIN R. REES, judge. Opinion filed May 8, 1909. Affirmed.

*David Ritchie,* for the plaintiff in error.

*Fred S. Jackson,* attorney-general, *Charles D. Shukers,* special assistant attorney-general, and *Frank T. Knitle,* county attorney, for The State; *J. K. Codding,* and *John Marshall,* of counsel.

The opinion of the court was delivered by

JOHNSTON, C. J.: In a proceeding by the state against Charles Fritz and another to abate a nuisance maintained in violation of the intoxicating liquor law Fritz was found guilty of maintaining a nuisance, and the court in awarding judgment against him allowed to plaintiff's attorneys and taxed as costs an attorney's fee of $50. Of the ruling allowing an attorney's fee complaint is made. The allowance is specifically authorized by the statute. (Laws 1903, ch. 338. See, also, *The State, ex rel., v. Durein*, 46 Kan. 695; *The State v. Plamondon*, 75 Kan. 269; *In re Ellis*, 76 Kan. 368.)

The contention that the provision violates the fourteenth amendment of the federal constitution, in that it denies to defendant the equal protection of the law, is not sound. The statute authorizing the allowance of an attorney's fee is quite unlike a provision for an allowance of such a fee in private litigation, as, for instance, the collection of a debt. It is an exercise of the police power of the state, designed to promote the peace, morals and good order of society, and, although somewhat special in character, it can not be regarded as an infringement of the rule guaranteeing the equal protection of the law. (*Railroad Co. v. Matthews*, 58 Kan. 447; *Assurance Co. v. Bradford*, 60 Kan. 82; *Railway Co. v. Simonson*, 64 Kan. 802; *Atchison, Topeka &c. Railroad v. Matthews*, 174 U. S. 96; *Fid. Mut. Life Assn. v. Mettler*, 185 U. S. 308; *Iowa Life Insurance Co. v. Lewis*, 187 U. S. 335; *Farmers' &c. Ins. Co. v. Dobney*, 189 U. S. 301.) Every defendant violating this provision of the prohibitory liquor law is subject to the same liability. The regulation imposes no unequal or unnecessary restrictions, as it applies to

all persons under the same circumstances and conditions, and falls alike upon all brought within the scope of its operations.

The judgment of the district court is affirmed.