No. 40,905

THE CITY OF DERBY, KANSAS, *Appellant,* v. BETTY HIEGERT, *Appellee.*

(325 P. 2d 25)

Opinion filed May 10, 1958.

*Jerry L. Griffith,* city attorney, of Derby, argued the cause and was on the briefs for the appellant.

*Milo M. Unruh,* of Wichita, argued the cause, and *Edward F. Arn, Richard F. Mullins, William P. Timmerman* and *H. R. Kuhn,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: Defendant (appellee) was arrested, tried and found guilty of violation of city ordinance No. 439 in the police court of Derby, and was fined $100. The district court of Sedgwick county, on appeal, found the defendant not guilty on the ground that the city had no statutory authority to enact the ordinance. The city of Derby (plaintiff, appellant), a city of the second class, reserved the legal question of the city's statutory authority for appeal to this court. (G. S. 1949, 12-1102.)

The pertinent portions of the ordinance provide:

"SECTION 1: The practice of going in and upon private residences in the City of El Paso (Derby), Kansas, by solicitors, peddlers, hawkers, itinerant

merchants or transient vendors of merchandise not having been requested or invited so to do by the owner or owners, occupant or occupants of said private residences for the purpose of soliciting orders for the sale of goods, wares, and merchandise and/or disposing of and/or peddling or hawking the same is declared to be a nuisance and punishable as such nuisance as a misdemeanor.

"SECTION 2: Any person violating the provisions of this ordinance shall upon conviction thereof be fined not more than $100.00 (One Hundred Dollars) or imprisoned not more than 30 (thirty) days, or be both so fined and imprisoned in the discretion of the court.

"SECTION 3: The provisions of this ordinance shall not apply to religious, charitable or community service organizations."

It was stipulated that defendant at all times pertinent to this action was and is an independent dealer for Air-Way Branches, Inc., and that in such capacity she engaged in direct selling and demonstrating of Air-Way vacuum cleaners by calling at the homes of potential purchasers. On the morning of June 6, 1957, defendant called at several private residences in Derby, without invitation by the owners or occupants, for the purpose of demonstrating, soliciting orders for and selling Air-Way vacuum cleaners. Defendant at this time was acting as a solicitor and itinerant merchant and was not acting on behalf of any religious, charitable or community service organization. The evidence indicated, and the trial court so found, that defendant's conduct at the home of the prosecuting witness was considerate, well-mannered and courteous; that she was not obnoxious or overly insistent.

Plaintiff contends here that it has statutory authority to pass the ordinance in question by reason of the general grant of police power found in G. S. 1949, 14-401 and G. S. 1957 Supp., 14-439, as well as the power to restrain and prohibit disturbances (G. S. 1949, 14-418) and the power to prevent and remove nuisances (G. S. 1949, 14-428).

Defendant contends, *inter alia,* that the ordinance is void on the ground that it is unreasonable, arbitrary and discriminatory because of the exemptions provided in section 3 thereof. Even if we were to assume that the city had the power to enact the ordinance under G. S. 1949, 14-401, there would still remain the question of whether section 3, which exempts solicitation, as defined in section 1, by religious, charitable and community service organizations, results in such an unreasonable and arbitrary discrimination as to render the ordinance invalid.

It is stated in McQuillin's Municipal Corporations, 3rd ed., Vol. 5, § 18.09, p. 408:

"An ordinance to be reasonable and valid must be fair, impartial and uniform in its operation."

McQuillin's Municipal Corporations, 3rd ed., Vol. 5, § 18.11, p. 415, states:

"An ordinance enacted in the alleged or ostensible exercise of any of the well-defined purposes of the police power must be general in its nature and applicable alike to all who may properly come within its purview. It cannot be sustained as an exercise of that power if it is arbitrary and discriminatory. . . . *Where an ordinance imposes penalties, it cannot make a particular act penal when done by one person and impose no penalty for the same act done under like circumstances by another.* . . . Discrimination in the regulation of trade, business, industry or occupations, where there is no just basis for it germane to a lawful purpose, renders municipal legislation . . . unreasonable. . . ." [Emphasis supplied.]

See also 2 Dillon's Municipal Corporations, 5th ed., § 593 (322).

We have stated that a distinction imposed by an ordinance, to be valid, must be reasonable and must rest upon some ground of d'fference fairly related to the object of the legislation. (*City of Beloit v. Lamborn,* 182 Kan. 288, 293, 321 P. 2d 177; *Matheny v. City of Hutchinson,* 154 Kan. 682, 121 P. 2d 227.)

It is apparent that the ordinance involved herein creates an unlawful classification, discriminatory in nature, which renders the ordinance invalid. Section 3 provides that the ordinance shall not apply to religious, charitable or community service organizations. There is no reasonable ground upon which this classification can be made. It bears no relation to the object and purposes of the ordinance. Its only effect is to permit one class to violate the provisions of the penal ordinance without penalty and to hold another class strictly responsible thereto. If the purpose of the ordinance is to protect the householder from uninvited intrusions against his peace and comfort and the possibility of the imposition of fraud, the exceptions in section 3 completely destroy such purpose. Certainly the knock on the door or the ring of the doorbell for the sale of goods, wares and merchandise by a solicitor for a religious, charitable or community service organization is as great a disturbance to the householder's privacy and comfort as that by the commercial solicitor. Similarly, the danger of fraud, over-persistent selling methods and financial irresponsibility is as great in the activities of

those which section 3 purports to exempt as in the activities of those covered by section 1.

In view of what has been said, the other contentions made by defendant regarding invalidity of the ordinance need not be discussed. Judgment of the trial court is affirmed.

It is so ordered.

