No. 43,013

JOHN JACOB ATTEBERY, *Appellee,* v. M. F. A. MUTUAL INSURANCE COMPANY, Columbia, Missouri, *Appellant.*

(380 P. 2d 327)

Opinion filed April 6, 1963.

*Glenn Jones,* of Parsons, argued the cause and was on the briefs for the appellant.

*Oren Gray,* of Parsons, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the order, decision, and judgment in an action upon an automobile insurance policy whereby the trial court allowed plaintiff an attorney fee in the amount of $400.00 as part of the costs.

Defendant was plaintiff's insurer in regard to medical liability and $100.00 deductible collision coverage. On October 4, 1959, plaintiff's 1954 automobile, a Nash Ambassador four door sedan, became a total loss as a result of collision wherein it was eventually learned the other vehicle was not covered by liability insurance.

In December, 1959, defendant's adjuster offered to settle with plaintiff for $272.50 as the value of his automobile, which offer was refused by plaintiff. On January 18, 1960, the same offer was refused by plaintiff's attorney. In the instant action, filed on December 20, 1960, it was alleged the car had a value of $750.00, and it was further alleged:

"6. Defendant has refused and neglected to pay plaintiff without cause or excuse, plaintiff's claim for damages and plaintiff is entitled to a reasonable attorney fee under the law of Kansas, and a reasonable fee should be allowed by the court for services herein involved."

Defendant's answer was accompanied by a tender based on $272.50 as the value of the car, which was the median between the minimum value of $250.00 and the maximum value of $295.00 fixed by defendant's appraisers.

The result of the trial was a verdict for plaintiff based upon the fair market value of the car being $300.00 as shown by the jury's answer to the only special question submitted by the trial court.

Expert witnesses testified in regard to their opinions as to the amount a reasonable attorney fee for plaintiff's attorney should be and within the limits set by the expert testimony, the trial court granted a fee of $400.00 and made the following statement:

"Yes, Well, I think in this matter apparently there is no question but what a fee should be allowed, and the motion therefore will be sustained and plaintiff's attorney will be allowed an attorney fee in the sum of $400.00."

Defendant submits the two questions here for appellate review are:

"1. Did not the trial court err in allowing an attorney fee under the provisions of 40-256, since the evidence does not disclose that appellant refused without just cause or excuse to pay the amount of appellee's loss and the court made no finding that appellant refused to pay without just cause or excuse?

"2. Did not the trial court abuse its discretion and err in allowing an attorney fee of $400.00 for appellee's attorney? Is not such a fee unreasonable under the facts of the case, the amount involved, and the amount recovered, and does not it result in a penalty against appellant?"

Under the provisions of G. S. 1949, 40-201 defendant is an insurance company included in G. S. 1961 Supp., 40-256 which provides in pertinent part as follows:

"That in all actions hereafter commenced, in which judgment is rendered against *any insurance company* as defined in section 40-201 of the General Statutes of 1949 . . . if it appear from the evidence that such company . . . has refused without just cause or excuse to pay the full amount of such loss, *the court in rendering such judgment shall allow the plaintiff a reasonable sum as an attorney's fee* to be recovered and collected as a part of the costs: *Provided, however,* That when a tender is made by such insurance company . . . before the commencement of the action *in which judgment is rendered and the amount recovered is not in excess of such tender.* no such costs shall be allowed." ( Our emphasis. )

It is apparent from the record this case was fully tried by both sides including evidence of expert witnesses as to the reasonableness of an attorney fee for the amount of work done on behalf of plaintiff by his counsel. The authorities cited by the parties do not support defendant's contention that an attorney fee must be in keeping with the amount recovered over the amount tendered. The real test is the value of the services performed by the attorney on behalf of his client. In our opinion this record does not bear out the statement of defendant in its brief that plaintiff's own testimony proved that he was an unreasonable man; that just because he was able to sue an insurance company at no personal cost in view of G. S. 1961 Supp., 40-256, he was "going for broke."

The record before us compels us to conclude the trial court did not err in allowing the attorney fee to plaintiff's attorney and that the sum of $400.00 was not an unreasonable amount. Numerous authorities in support of this determination are to be found in 6 West's Kansas Digest, Insurance, § 602.10, p. 261, and 1963 Cum. P. P., § 602.10, p. 21; 3 Hatcher's Kansas Digest, rev. ed., Insurance, § 114, p. 314, and 1962 Cum. Supp. § 114, p. 54.

As to plaintiff's claim for allowance of an additional attorney fee for services in this court, we are of the opinion the statute does not extend that favor under the facts and circumstances of this case and such claim is therefore denied.

Judgment affirmed.