No. 46,201

Dave Pinkerton, *Appellee,* v. Karl Schwiethale, *Appellant.*

(493 P. 2d 200)

Opinion filed January 22, 1972.

*Richard D. Ewy,* of Foulston, Siefkin, Powers and Eberhardt, of Wichita, argued the cause and was on the brief for the appellant.

*James L. Pinkerton,* of Merkel and Pinkerton, of Wichita, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: This appeal questions the constitutionality of K. S. A. 1971 Supp. 60-2006. This statute authorizes the allowance of a reasonable attorney fee as costs in actions on small claims of less than $500.00. The claims must be for damages caused by the negligent operation of motor vehicles. Attorneys' fees are allowed only to the prevailing party if he recovers damages.

The appellant, Karl Schwiethale, contends the statute is constitutionally impermissible under the equal protection and due process clause of the United States Constitution (Amendment 14, § 1).

The plaintiff, Dave Pinkerton, was unsuccessful in the court of common pleas but on appeal he recovered judgment for damages in the district court of Sedgwick County. Suit was brought for $499.99. No tender was made by defendant prior to the commencement of the action. The judgment recovered was for $467.34. In addition Pinkerton was awarded his costs including an attorney fee of $500.00. This appeal followed.

A procedural question is raised by appellee Pinkerton but we will proceed directly to the primary point on appeal.

The statute in question provides:

"In actions brought for the recovery of damages of less than five hundred dollars ($500.00) sustained and caused by the negligent operation of a motor vehicle, the prevailing party, if he recovers damages, shall be allowed reasonable attorneys' fees which shall be taxed as part of the costs of such action: *Provided,* That when a tender has been made by the adverse party before the commencement of the action in which judgment is rendered, and the amount recovered is not in excess of such tender, no such costs shall be allowed." (K. S. A. 1971 Supp. 60-2006.)

The attack upon the statute based upon the "equal protection and due process" clause is two pronged. First, appellant contends the allowance of an attorney's fee to only the prevailing party if he recovers damages is constitutionally impermissible as a discriminating penalty, since it has a chilling effect on litigating a meritorious defense against a questionable claim. The statute does not authorize a similar allowance to the defendant if he successfully defends. Second, it is earnestly contended that the classification is impermissible because there is no reasonable basis in the classification to sup-

port the distinctions inherent therein. We will discuss these contentions in reverse order.

The Fourteenth Amendment to the United States Constitution in part provides:

". . . No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." (§ 1.)

The protections afforded by this amendment have been construed to permit legislative classification under the powers reserved to the states. The police power of the state is an attribute of sovereignty to be exercised for the public welfare. States have the power to legislate against what are found to be injurious practices in their internal and business affairs so long as their laws do not contravene some specific federal constitutional prohibition or some valid preemptive federal law.

Under the "due process and equal protection" clause of the United States Constitution (Amendment 14, § 1) reasonable classifications of persons are permissible, for it is only invidious discrimination which offends. (*Ferguson v. Skrupa,* 372 U. S. 726, 10 L. Ed. 2d 93, 83 S. Ct. 1028, 95 A. L. R. 2d 1347.)

The classification to be employed in an exercise of the police power cannot be made arbitrarily Any distinctions inherent in a particular classification must furnish a proper and reasonable basis for such a classification. (*Gulf, Colorado & Santa Fe R'y v. Ellis,* 165 U. S. 150, 41 L. Ed. 666, 17 S. Ct. 255; *State, ex rel., v. Consumers Warehouse Market,* 185 Kan. 363, 370, 343 P. 2d 234.)

Let us consider the classification employed by the legislature in the present statute. Generally the classification relates to all parties who may cause damage by the negligent operation of a motor vehicle. The word "parties" as used in this statute, which is a part of the Code of Civil Procedure of this state, encompasses all litigants, both persons and corporate bodies. There is no discrimination in the classification defined by the use of the term "parties".

The classification relates to those who cause damage by the negligent use of a motor vehicle. This is an age of almost universal ownership and transportation by motor vehicle. With few exceptions there is a car in every garage and sometimes two or three. The streets and highways in many areas of the state have become congested. Vehicular accidents occur with increasing frequency. There

has been a proliferation of law suits arising from these accidents. These law suits burden the courts of this state. Many suits are brought on small claims for less than $500.00. Because of the increasing number of these suits serious delays in court have occurred because of a backlog of cases. Several years may pass after an accident before a meritorious claim can be collected through the courts. Abuses arise from this delay. Those who have negligently caused the damage, or their insurance carriers, may refuse to pay a just claim in order to take a calculated risk. The expenses and attorney fees which a claimant with a small meritorious claim must incur to successfully collect his claim may seem prohibitive to the claimant. The injured claimant may well decide to forego his rights in court rather than wait, worry and litigate. Especially is this true in cases of small claims. The time and expense necessary to investigate and prosecute a small claim is frequently out of proportion to the amount recoverable.

After reading this statute it is apparent that the legislature of this state turned its attention to this type of suit and determined that unjustified evils and abuses exist which affect the public welfare of this state.

We do not mean to infer in the present case that the defendant calculatingly refused to pay a just claim against himself. The claim was allowed in the district court after first having been denied in the court of common pleas. Appellee's claim was subject to some question. However, if the statute is constitutionally permissible the merit of appellant's defense, or the lack of it, is determined by and must remain with the trial court.

Generally any classification imposed by ordinance or statute in an exercise of the police power must be reasonable and must rest upon some ground of difference fairly related to the objects of the legislation. (See *City of Derby v. Hiegert,* 183 Kan. 68, 325 P. 2d 35.) The object of the legislation in the present case appears to be fairly related to the classification imposed.

K. S. A. 1971 Supp. 60-2006 appears to be grounded on police regulation in the public welfare having for its legitimate purpose the promotion of prompt payment of small but well-founded claims and the discouragement of unnecessary litigation of certain automobile negligence cases.

The use and ownership of motor vehicles generally have been considered proper areas of concern for the exercise of the police

power. Various laws restricting rights arising from the use and ownership of motor vehicles have been found constitutionally permissible.

In *Hess v. Pawloski*, 274 U. S. 352, 71 L. Ed. 1091, 47 S. Ct. 632, the high court upheld a "long arm statute" against constitutional attack. Non-residents using the highways of a foreign state may be subjected by statute to a judgment *in personam* when other non-residents may not. The public interest which attends the use of motor vehicles was recognized in *Hess* where it was said:

"Motor vehicles are dangerous machines; and, even when skillfully and carefully operated, their use is attended by serious dangers to persons and property. In the public interest the State may make and enforce regulations reasonably calculated to promote care on the part of all, residents and non-residents alike, who use its highways. . . ." (274 U. S. 352 at 356.)

The curtailment of the rights of guests riding in motor vehicles is another example of public interest justifying legislation. In *Silver v. Silver*, 280 U. S. 117, 74 L. Ed. 221, 50 S. Ct. 57, it was said:

". . . In this day of almost universal highway transportation by motor car, we cannot say that abuses originating in the multiplicity of suits growing out of the gratuitous carriage of passengers in automobiles do not present so conspicuous an example of what the legislature may regard as an evil, as to justify legislation aimed at it, even though some abuses may not be hit. [Citations omitted.] It is enough that the present statute strikes at the evil where it is felt and reaches the class of cases where it most frequently occurs." (p. 123.)

The Kansas "guest statute" has been upheld by this court against attack under the "equal protection and due process" clause. See *Wright v. Pizel*, 168 Kan. 493, 214 P. 2d 328, and *Westover v. Schaffer*, 205 Kan. 62, 468 P. 2d 251.

The small claim distinction inherent in the present classification appears to have a reasonable basis for the distinction. A small claim distinction of $200.00 has been recognized and approved by the United States Supreme Court. In *Missouri, Kansas & Texas Ry. v. Cade*, 233 U. S. 642, 58 L. Ed. 1135, 34 S. Ct. 678, it was said:

". . . It is a police regulation designed to promote the prompt payment of small claims and to discourage unnecessary litigation in respect to them. The claims included appear to be such as are susceptible of being readily adjusted by the party responsible, within the thirty days that must intervene between the presentation of the claim and the institution of suit. We may imagine that some other kinds of claims might as well have been included; but it is to be presumed that the legislature was dealing with an actual mischief, and made the act as broad in its scope as seemed necessary from the practical standpoint. . . ." (p. 649.)

The appellant next contends the allowance of an attorney fee to the prevailing party *if he recovers damages* is impermissible because it becomes a penalty which has a chilling effect on the defense against questionable claims. In such case the protections afforded a plaintiff and a defendant are not equal.

Many statutes may be found which have allowed attorney fees as costs to the plaintiff when he has been successful in prosecuting his case. Such allowances have largely been upheld when constitutionally challenged. See *Gulf Rld. Co. v. Shirley,* 20 Kan. 660; *Railroad Co. v. Matthews,* 58 Kan. 447, 49 Pac. 602, aff. sub. nom. *Atchison, Topeka &c. Railroad v. Matthews,* 174 U. S. 96, 43 L. Ed. 909, 19 S. Ct. 609; *Assurance Co. v. Bradford,* 60 Kan. 82, 55 Pac. 335; *Fritz v. State,* 80 Kan. 168, 101 Pac. 1013; *Hinds v. Fine,* 162 Kan. 328, 176 P. 2d 847, and *Service v. Pyramid Life Ins. Co.,* 201 Kan. 196, 440 P. 2d 944.

The United States Supreme Court has approved such an allowance. In *Missouri, Kansas & Texas Ry. v. Cade,* supra, it said:

"If the classification is otherwise reasonable, the mere fact that attorney's fees are allowed to successful plaintiffs only, and not to successful defendants, does not render the statute repugnant to the "equal protection" clause. This is not a discrimination between different citizens or classes of citizens, since members of any and every class may either sue or be sued. *Actor* and *reus* differ in their respective attitudes towards a litigation; the former has the burden of seeking the proper jurisdiction and bringing the proper parties before it, as well as the burden of proof upon the main issues; and these differences may be made the basis of distinctive treatment respecting the allowance of an attorney's fee as a part of the costs. . . ." (p. 650.)

The statutory allowance of attorneys' fees as costs to the prevailing party if he recovers damages is constitutionally permissible if the classification of persons is otherwise reasonable. We see no invidious discrimination in the allowance which would offend against the "equal protection and due process" clause of the United States Constitution.

It should also be noted the allowance permitted under this statute is not limited to successful plaintiffs. The statute provides the prevailing party if he recovers damages is entitled to a reasonable attorney's fee to be taxed as costs. Fault is the basis for the allowance and not who files the suit. Both parties may contend for damages based on the fault of the other. The defendant does so by cross-claim under K. S. A. 1971 Supp. 60-213. In such case either party may recover attorneys' fees as costs if he recovers his damages.

The appellant relies largely upon two cases to support his position on appeal. The first case is *Atkinson v. Woodmansee,* 68 Kan. 71, 74 Pac. 640, 64 L. R. A. 325, and the second is *Gulf, Colorado & Santa Fe R'y v. Ellis,* supra. Neither case is persuasive here. The classifications of debtors to which the statutes in those cases applied were arbitrary, discriminatory and constitutionally impermissible. In each case the court found invidious discrimination inherent in the classifications. No proper or reasonable basis for the distinctive treatment was apparent. Accordingly it was held to be an improper classification under the police power. The invidious discrimination found in each case was in the classification of debtors to which the statutes applied. There was no basis for the distinctions inherent in the respective classifications.

Under the statute now under consideration the state for reasons of internal policy has by statute established the policy of allowing recovery of reasonable attorneys' fees as part of the costs by successful claimants who are required to litigate small claims of this nature. It appears to be a reasonable incentive to the prompt payment of small but well-founded claims. It is a deterrent of groundless defenses. It is an incentive reasonably calculated to promote the public welfare by reducing the evils of certain injurious practices affecting the internal and business affairs in the state. In the present classification there is a reasonable basis for the distinctions inherent therein.

Accordingly we hold that K. S. A. 1971 Supp. 60-2006 is constitutionally permissible under the "equal protection and due process" clause of the United States Constitution.

The judgment is affirmed.