(577 P.2d 836)
No. 49,276

ROBERT L. STAFFORD, *Appellee,* v. CHARLES A. KARMANN, *Appellant.*

Opinion filed April 28, 1978.

*Howard W. Harper* of Harper & Hornbaker, Chartered, of Junction City, for the appellant.

*Richard F. Waters* of Johnson, Bengtson, Waters & Thompson, Chartered, of Junction City, for the appellee.

Before FOTH, C.J., SPENCER and SWINEHART, JJ.

SWINEHART, J.: This is an appeal from a jury determination that the defendant's negligence in operating his truck resulted in damage to the plaintiff's truck. The plaintiff was awarded damages of $380 and his attorney was awarded an attorney's fee of $950.

The facts of this case are simple and require little elaboration. The plaintiff was northbound on Adams Street in Junction City on December 6, 1974. Adams is a two-lane street. The defendant was driving south on the same street. The defendant made a left turn into an alley. His turn brought him directly into the path of the plaintiff's oncoming truck. A collision resulted.

The only other evidence concerning the negligence of the parties which is relevant to this appeal is testimony concerning speed. The plaintiff testified that he was driving at 15-20 miles per hour. The defendant sought to submit the testimony of an eyewitness who estimated that the plaintiff was driving faster—25-35 miles per hour. The evidence was excluded.

Beyond the cost of the repair of plaintiff's truck, which was not at issue in the trial below, he asked for $380. That figure represented the rent for another vehicle while his truck was being repaired. The defendant refused to pay this rental cost. The plaintiff sued and the defendant requested a jury trial, which was held on March 29, 1977. At the trial the defendant attempted to introduce the testimony of James Meadville, who observed the accident from a second story window approximately seventy-five feet from the point of collision. The defendant argues that such opinion is admissible under K.S.A. 60-456(a). He correctly states the rule that lay opinion regarding the speed of an automobile is admissible. *Hampton v. State Highway Commission,* 209 Kan. 565, 583, 498 P.2d 236 (1972).

The trial court's reason for excluding the testimony was not, however, that a non-expert could not give an opinion as to the speed of a vehicle. The testimony was excluded because of the lack of proper foundation. Meadville's testimony was submitted under somewhat unusual circumstances. Before the trial he had moved to Pennsylvania. The parties stipulated that his deposition in the form of notarized interrogatories could be submitted at trial. On February 10 the defendant mailed his interrogatories to the witness Meadville. A copy of these interrogatories was made a part of the court file on the case. On the same date the plaintiff filed a document which listed his cross-examination and, in addition, his objections to some of defendant's questions. The plaintiff's cross-examination questions were mailed separately to Meadville. Included in the plaintiff's list of objections to the defendant's interrogatories was an objection to Meadville's opinion regarding speed. The reason for the objection was specifically stated to be that no foundation had been laid.

The plaintiff renewed this objection in the judge's chambers a few minutes before the trial. At that time the trial judge ruled that Meadville's testimony would be inadmissible for lack of foundation.

The trial court was correct in excluding the testimony. K.S.A. 60-419 establishes that before any witness is permitted to testify regarding a relevant or material matter "there must be evidence that he or she has personal knowledge thereof, or experience, training or education if such be required." Although the cases cited by the defendant establish that lay opinion as to speed is admissible, those cases do not obviate the necessity of establishing that the layman's opinion be "rationally based on the perception of the witness." K.S.A. 60-456(a). Here the defendant did nothing to establish that. He did not establish that the witness drove a car, that he had any sort of basis or experience in judging speeds, or how long he observed the two vehicles before they crashed.

The foundation requirement is basic and fundamental. The trial court's exclusion of Meadville's opinion testimony is affirmed, particularly in light of the rule that the trial court is vested with broad discretion in receiving or excluding opinion testimony under K.S.A. 60-456(a). *Osborn v. Lesser,* 201 Kan. 45, 47, 439 P.2d 395 (1968).

The defendant's second point on appeal is that the attorney's fee awarded to the plaintiff's attorney was excessive. The plaintiff's attorney was awarded his fee pursuant to K.S.A. 60-2006. The statute provides that in automobile negligence actions brought for the recovery of amounts less than $500 (amended in 1977 to $750), the party who recovers damages shall be allowed a reasonable attorney's fee. The defendant argues that the $950 fee which the court allowed to the plaintiff's attorney is not reasonable in light of the fact that the damages recovered were only $380.

The plaintiff's attorney submitted to the court an itemized work sheet showing that he had devoted nineteen hours to preparing and trying the case. To compute the fees, the trial judge simply multiplied nineteen hours by the attorney's hourly rate of $50.

There appear to be no cases considering the reasonableness of fees awarded under K.S.A. 60-2006. There are, however, cases that discuss the reasonableness of fees awarded under other, similar provisions. In *Wolf v. Mutual Benefit Health & Accident Association,* 188 Kan. 694, 366 P.2d 219 (1961), the Kansas Supreme Court considered the reasonableness of an attorney's fee

awarded under G.S. 1949, 40-256 (1959 Supp.) (now K.S.A. 40-456). In determining whether the attorney's fee was reasonable, the court listed the following factors which should be considered in awarding attorney's fees: the amount involved, time, labor, trouble involved, services rendered, and the nature and importance of the litigation.

Two other cases, although they both mention the amount involved as the controlling factor, made clear that it is by no means the determining factor. In *Akins v. Illinois Bankers Life Assurance Co.,* 166 Kan. 648, 203 P.2d 180 (1949), the court held that a $500 fee for a $1,000 recovery was excessive. In *Attebery v. M.F.A. Mutual Ins. Co.,* 191 Kan. 178, 380 P.2d 327 (1963), a $400 fee for a $300 recovery was upheld. It appears that the explanation for the inconsistency in these two cases lies in the time spent on the respective cases and the services rendered. The *Attebery* court stressed that the case was fully tried and stated, "The real test is the value of services performed by the attorney on behalf of his client." *Attebery,* supra, p. 180. The *Akins* court, on the other hand, carefully pointed out that there was no spirited trial but rather a submission of the cause solely on the testimony given at another trial.

In *Grain Dealers Mut. Ins. Co. v. Farmers U. Coop. E. & S. Ass'n,* 377 F.2d 672 (10th Cir. 1967), the court listed the pertinent factors as being the time involved, the type of services rendered, the nature and importance of the litigation, the skill and experience of counsel, and the productivity of their services.

Applying the rules discussed above to the situation in this case, we find that the trial court did not abuse the broad discretion vested in it in awarding an attorney's fee of $950 to the plaintiff's attorney. The trial court considered the time and nature of the services (twelve hours of preparation for a seven-hour jury trial). The record presents no evidence regarding the skill and experience of counsel; however, the trial court, which is considered an expert on the matter of reasonable compensation (*City of Wichita v. Chapman,* 214 Kan. 575, 587, 521 P.2d 589 [1974]), presumably took that factor into consideration when it allowed an attorney's fee amounting to $50 per hour. It is true that the amount involved was relatively small and that the importance of the litigation was minimal. However, we do not think that the trial court abused its discretion in downplaying these two factors and focusing princi-

pally on other factors such as the time devoted to the case, the nature of the services, the skill and experience of the attorney and the productivity of the attorney's services. The trial court's ruling regarding the attorney's fee is affirmed.

The final point on appeal involves the plaintiff's cross-appeal requesting that additional attorney's fees be allowed for the appeal. While K.S.A. 60-2006 does not expressly authorize the award of fees for an appeal, inherent in its meaning is the concept that attorney's fees should be awarded for all services rendered for the benefit of the one who proceeds under the provisions of the section. Furthermore, the allowance of attorney's fees for an appeal effectuates the policy behind the statute, as defined by the Kansas Supreme Court in *Pinkerton v. Schwiethale,* 208 Kan. 596, 493 P.2d 200 (1972): ". . . the promotion of prompt payment of small but well-founded claims and the discouragement of unnecessary litigation of certain automobile negligence cases." (p. 599.)

The trial court's judgment is affirmed and the plaintiff's cross-appeal is granted. It is hereby ordered that the defendant pay the plaintiff's attorney's fee for the appeal in the amount of $500.