24

(602 P.2d 120)
No. 50,313

Dail H. Arnold, *Appellee*, v. Bradley J. Hershberger, A Minor, *Appellant.*

Opinion filed November 9, 1979.

*Craig Kennedy*, of Kassebaum & Johnson, of Wichita, for appellant.

*Jacob S. Graybill*, of Wichita, for appellee.

Before Foth, C.J., Parks and Meyer, JJ.

Meyer, J.: This appeal is from the award of attorney fees in an automobile collision case tried to the court. The collision occurred July 14, 1977, and plaintiff's petition seeking property damages of $740 was filed September 14, 1977.

Appellant's (defendant's) first issue is whether a demand for damages is a prerequisite for recovering attorney fees under K.S.A. 1978 Supp. 60-2006.

There are three requirements for the recovery of attorney fees under K.S.A. 1978 Supp. 60-2006, which are as follows: (1) damages must be less than $750; (2) the party claiming attorney fees must prevail; and (3) the adverse party did not make a tender of damages before the commencement of the action in an amount equal to or greater than the amount recovered.

The purpose of the statute is said to be "the promotion of prompt payment of small but well-founded claims and the discouragement of unnecessary litigation of certain automobile negligence cases." *Stafford v. Karmann*, 2 Kan. App. 2d 248, 252, 577 P.2d 836 (1978); *Pinkerton v. Schwiethale*, 208 Kan. 596, 599, 493 P.2d 200 (1972).

First, we note that K.S.A. 1978 Supp. 60-2006 contains no language to indicate that a demand is necessary prior to the time of filing a case. We find no compelling reasons which would justify us to read something into the statute which is not there. Furthermore, we conclude that the intent of the statute is to require defendants in small cases such as this one to inquire, investigate, and, if warranted, make an offer. The statute obviously contemplates that most defendants will be insured as required by law.

The defendant in the instant case argues that such reasoning would prompt a race to the courthouse because the plaintiff would thus be entitled to attorney fees. A defendant, however, can avoid the payment of fees by being diligent. We believe that the legislature intended by this statute to require such diligence in the hope that in many small cases plaintiff would not even be obliged to employ an attorney.

Defendant next complains that the trial court erred in awarding $1,000 as attorney fees.

The amount of attorney fees awarded under K.S.A. 1978 Supp. 60-2006 is discretionary with the trial court and absent an abuse of discretion, the trial court's decision will be upheld. *Stafford v. Karmann,* 2 Kan. App. 2d 248, Syl. ¶ 5. The trial court is to be considered an expert on the matter of reasonable compensation. *City of Wichita v. Chapman,* 214 Kan. 575, 587-588, 521 P.2d 589 (1974).

Appellee-plaintiff is hereby awarded the sum of $600 as attorney fees on appeal.

We conclude that the trial court committed no reversible error.
Affirmed.