No. 50,088

In the Matter of The Estate of Clarence W. Corson, Deceased, *Appellee*, v. MARY LOU ERICKSON, *Appellant*.

(602 P.2d 1320)

Opinion filed December 1, 1979.

*William R. Vincent,* of Topeka, argued the cause, and *John E. Wilkinson,* also of Topeka, was with him on the brief for the appellant.

*Edward J. Chapman, Jr.,* of Edward J. Chapman, Jr., Chartered, of Leavenworth, and *Douglas G. Waters,* of Leavenworth, argued the cause, and *Edward J. Chapman, Jr.,* was on the brief for the appellee.

The opinion of the court was delivered by

McFARLAND, J.: This is a dispute concerning the admission of a will to probate. The merits of the controversy are not before us as the issues raised are primarily procedural in nature. Mary Lou Erickson, appellant herein, is seeking to contest the will of Clarence W. Corson, deceased.

The chronology of events is crucial and is set forth as follows:

| | |
|---|---|
| November 17, 1975 | Will in question is executed, designating John and Catherine Barnes as sole beneficiaries. |
| November 24, 1975 | Testator dies. |
| December 5, 1975 | Petition for admission of the will filed with notice of hearing being sent to appellant, one of the decedent's heirs at law. |
| January 5, 1976 | Order entered admitting will to probate and appointing Catherine Barnes as executrix. Appellant neither appears nor files written defenses to the will. |
| June 9, 1976 | "Petition in Will Contest" *filed* by appellant in *probate court.* |
| July 26, 1976 | Order entered by probate court setting petition for hearing. |

| | |
|---|---|
| August 3, 1976 | Written defenses to petition filed by executrix. |
| August 25, 1976 | Probate court denies petition. |
| September 15, 1976 | Appellant files notice of appeal in district court, appealing from orders of January 5 and August 25. Appeal bond filed. |
| October 5, 1976 | Executrix files motion to dismiss appeal. |
| October, 1976 | Appellant's counsel withdraw and present counsel enters the case. |
| December 30, 1976 | Motion to dismiss appeal sustained as to January 5 order on the ground that no appeal from that order had been properly perfected, but motion overruled as to the August 25 order. |
| May 18, 1977 | District court construes the "Petition in Will Contest" to be a motion to set aside judgment pursuant to K.S.A. 60-260(*b*) and orders appellant to file a motion pursuant to said statute. |
| January 26, 1978 | Memorandum Opinion filed denying appeal from August 25, 1976, order (Petition in Will Contest subsequently treated as K.S.A. 60-260[*b*] proceeding). |
| April 5, 1978 | Journal entry filed reflecting opinion of January 26, 1978. |
| May 4, 1978 | Appeal filed herein. |

Various interrelated issues are raised on appeal. Basically, the appellant contends the *probate court* erred in:

1. Failing to construe the Petition in Will Contest as an appeal pursuant to K.S.A. 1975 Supp. 59-2404;
2. Holding that the Petition in Will Contest constituted an improper collateral attack on the January 5 order, that it was subject to the doctrine of res judicata, and that no timely appeal had been taken from the January 5 order;
3. Failing to hold that the six month appeal time commenced to run from August 25, 1976, rather than January 5, 1976; and
4. Failing to make specific findings of fact as required by K.S.A. 60-252.

The appellant contends the *district court* erred in:

1. Holding that no timely appeal was taken from the probate court's order of January 5, 1976;
2. Refusing to set aside the probate court order pursuant to K.S.A. 60-260(*b*) (brief does not specify whether the district court should have set aside August 25 order, January 5 order, or both); and
3. Construing the Petition in Will Contest as a motion for relief under K.S.A. 60-260(*b*).

The case herein reached the district court prior to court unification and the substantial revisions of the probate code, both of which became effective January 10, 1977. The applicable law herein was as it existed in 1976. K.S.A. 1975 Supp. 59-2404, applicable herein, provided:

"59-2404. Time for appeal, failure to defend or appear not to affect right to appeal.

"Such appeal may be taken by any person aggrieved within thirty (30) days after the making of such order, judgment, decree, or decision: *Provided,* That an appeal may be taken within six months from an order admitting, or refusing to admit, a will to probate. The right of appeal shall not be denied nor abridged for failure of the party appealing to present his defenses in the probate court or to appear therein."

K.S.A. 59-2405 (Corrick) (since repealed, but applicable herein) provided:

"59-2405. Requisites.

"To render the appeal effective:

"(1) The appellant shall serve upon the adverse party or his attorney of record, or upon the probate judge for the adverse party, a written notice of appeal specifying the order, judgment, decree, or decision appealed from, and file such notice of appeal in the probate court with proof of service thereof verified by his affidavit.

"(2) The appellant, other than the state or municipality or a fiduciary appealing on behalf of the estate, shall file in the probate court a bond in such sum and with such sureties as may be fixed and approved by the probate court, conditioned that he will without unnecessary delay prosecute the appeal and pay all sums, damages, and costs that may be adjudged against him.

"(3) Whenever a party in good faith gives due notice of appeal and omits through mistake to do any other act necessary to perfect the appeal, the district court may permit an amendment on such terms as may be just."

K.S.A. 1975 Supp. 59-2408, applicable herein, provided:

"59-2408. Trial on appeal; pleadings; issues; evidence.

"Upon the filing of the transcript the district court, without unnecessary delay, shall proceed to hear and determine the appeal, and in doing so shall have and exercise the same general jurisdiction and power as though the controversy had been commenced by action or proceeding in such court and as

though such court would have had original jurisdiction of the matter. The district court shall allow and may require pleadings to be filed or amended. The right to file new pleadings shall not be abridged or restricted by the pleadings filed, or by failure to file pleadings, in the probate court; nor shall the trial in, or the issues to be considered by, the district court be abridged or restricted by any failure to appear or by the evidence introduced, or the absence or insufficiency thereof, in the probate court."

K.S.A. 1975 Supp. 59-2213, relevant herein, provides:

"59-2213. Judgments; vacation or modification.

"No judgment or decree shall be rendered in a probate proceeding without proof. The court shall have control of its orders, judgments, and decrees for thirty days after the date of the rendition thereof. Thereafter such orders, judgments, and decrees may be vacated or modified as provided by K.S.A. 60-260(b) of the code of civil procedure."

K.S.A. 60-260(b) provides that a court may relieve a party from a final judgment or order for mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, fraud, or any other reason justifying relief.

"Appeal" is defined by Black's Law Dictionary 124 (4th ed. rev. 1968) as the "complaint to a superior court of an injustice done or error committed by an inferior one, whose judgment or decision the court above is called upon to correct or reverse." The scope of review afforded to proceedings varies by statute—but inherent in any appeal is a higher tribunal taking jurisdiction of a matter from a lower tribunal. On appeal the case moves through the courts vertically, never horizontally; that is, no appeal lies from one district magistrate court to another district magistrate court, or from one district judge to another district judge. When a case is appealed, the appealing party is seeking to leave the court that has offended him and seeking the righting of the wrong in a different and higher court.

The decedent's will was admitted to probate by the Probate Court of Leavenworth County on January 5, 1976. Appellant herein was legally notified of said hearing. Pursuant to K.S.A. 1975 Supp. 59-2404, appellant had six months from that date to appeal to the district court. Pursuant to K.S.A. 59-2405 (Corrick), to perfect that appeal appellant had to (1) file a notice of appeal and serve notice as required, and (2) file an appeal bond.

In *In re Estate of Torrence,* 204 Kan. 443, 464 P.2d 193 (1970), this court held that the filing of an appeal bond was essential to vest a district court with jurisdiction of an appeal from a probate court.

The Petition in Will Contest filed herein was encaptioned "In the Probate Court of Leavenworth County, Kansas." The order of hearing, affidavit of mailing, and notice of hearing all followed the usual format for setting petitions for hearings in the probate court. Appellant's counsel were both notified that their petition was being set for hearing in the probate court. They did not object to this procedure and one of appellant's counsel appeared at the hearing ready to proceed. The hearing was held on August 25, 1976, in the probate court. Appellant was precisely where she wanted to be—in the probate court. No appeal bond was filed and no pleading was filed which indicated any manifestation that appellant intended to be in a different court.

The executrix filed written defenses to appellant's petition, setting forth that the petition constituted a collateral attack on the judgment and that the doctrine of res judicata precluded consideration of the petition.

Appellant, at the hearing before the probate court, did not attempt to convert the proceeding into a motion to vacate or modify the January 5 judgment pursuant to K.S.A. 1975 Supp. 59-2213. The probate code contained no provision either for a new trial or for an extension of time for appeal. *In re Estate of Parker*, 201 Kan. 1, 439 P.2d 138 (1968).

The probate court found in favor of the executrix as follows:

"Thereupon, evidence is introduced by petitioner and by said Executrix, and after hearing the evidence, reviewing the file and being fully advised in the premises, the Court finds that said Petition in Will Contest should be denied and the Court finds in favor of the Written Defenses of said Executrix.

"IT IS THEREFORE ORDERED, ADJUDGED AND DECREED that the findings of this Court be, and they are, hereby made a part of the order, judgment and decree of this Court."

The written defenses, in relevant part, are as follows:

"2. That, in the alternative, said Petition should be dismissed, denied or stricken for the reason that the issues therein contained are res judicata.

"3. That in the alternative said Petition in Will Contest constitutes an improper collateral attack on the Order of this Court entered on January 5, 1976, admitting the Will of said Clarence W. Corson to probate and appointing said Catherine L. Barnes executrix.

"4. That in support of the foregoing allegations said Executrix states that no appeal has been taken from said Order Admitting Will to Probate and Appointing Executrix filed and entered on January 5, 1976, and that said Order is final and conclusive in all respects as to all issues therein contained or which might be litigated at the hearing on the 5th day of January, 1976, herein."

Appellant contends the judgment of the probate court is invalid for failure to make specific findings of fact pursuant to K.S.A. 60-252(a). This point is without merit for a number of reasons: (1) The petition was denied as a matter of law; (2) the adoption of the written defenses gave the rationale of the decision; and (3) inasmuch as the matter was to be tried de novo on appeal, the inclusion of specific findings is rather inconsequential. In addition, it is highly debatable whether K.S.A. 60-252(a) was applicable to probate courts in 1976, but there is no need to determine that aspect of the case.

Basically, appellant argues the probate court erred in treating the petition as a probate court petition rather than as an appeal to the district court, which is what appellant now says was intended. Appellant would transfer the responsibility of perfecting appeals from appellants to the courts whose orders offend. Courts serve in many roles; however, it is not the role of a court to serve as the keeper for every attorney who practices before it. The probate court treated the petition exactly as appellant requested, including setting it for hearing. The probate court could not have perfected the appeal, even if it had desired to do so. The petition was filed June 9, 1976; the appeal time ran out July 5, 1976. When the appeal time expired, appellant was still in the probate court and had not bothered to have her petition set for hearing. Had appellant promptly set her petition for hearing, it could have been heard prior to the expiration of the appeal time. The probate court did not err in finding in favor of the executrix as a matter of law. Further, the probate court was clearly without jurisdiction to extend the time for appeal and did not err in refusing to extend the time.

We turn now to the specifications of error leveled at the district court. The appeal to the district court was filed September 15, 1976, and was an appeal from the probate court's orders of August 25, 1976 (Petition in Will Contest), and January 5, 1976 (order admitting will to probate).

The district court found the appeal was out of time as far as it related to the January 5 order. This was jurisdictional and the appeal time had expired on July 5, 1976. No error is shown in that ruling and there is no need to discuss it further.

The remaining portion of the appeal was the appeal from the

August 25 ruling. As previously shown, that ruling was correct. The district court, in an effort to provide a basis for relief from the January 5, 1976, order, if justified, directed appellant, over her objections, to proceed as though the Petition in Will Contest were a motion pursuant to K.S.A. 60-260(*b*) for relief from a judgment. This was a rather questionable procedure inasmuch as it was not raised before the probate court or requested by appellant in the district court. Nevertheless, the district court was obviously attempting to force an appropriate means upon appellant whereby she would be given the opportunity to show sufficient extenuating circumstances to relieve her of the legal consequences of her own acts. After a full evidentiary hearing, the district court found and concluded as follows:

"Movant alleges that the judgment of the Probate Court entered on January 5, 1976, should be set aside for a number of reasons including the allegations that said court made a mistake in not having a full evidentiary hearing before admitting the will in question to probate; that movant's prior counsel should be excused from their neglect in not properly handling her file; that movant's prior counsel did not properly effect an appeal from the judgment in question; that movant has newly discovered evidence concerning the testator's mental competency at the time the alleged will was executed; that the conduct of the beneficiaries of the will admitted to probate elevates itself to the status of misconduct, if not misrepresentation, if not fraud; and that the judgment of the Probate Court is void.

"This court concludes that the evidence establishes movant was afforded an opportunity by the Probate Court to appear at the hearing in said court on January 5, 1976, and to present any defenses she desired to the admission of the will to probate or to the appointment of the person named in the will as executrix; that movant has failed to establish that her failure to file any defenses to the admission of the will in question or to appear at the hearing in Probate Court on January 5, 1976, or to file an appeal from the judgment entered by said court on the date of the hearing within six months was the result of mistake, inadvertence, surprise, or excusable neglect; that movant has failed to establish she has newly discovered evidence which by due diligence could not have been discovered and presented to the Probate Court within a period of thirty days after January 5, 1976; that movant has failed to establish any reason justifying relief from the operation of the judgment entered by the Probate Court on January 5, 1976; that the motion in question should be denied; and that the costs of this action should be taxed to movant."

As we said in *Neagle v. Brooks,* 203 Kan. 323, Syl. ¶¶ 3, 4, 5, 454 P.2d 544 (1969):

"A motion for relief from a final judgment under K.S.A. 60-260(*b*) is addressed to the sound discretion of the trial court, and upon appeal its action is reviewable only for abuse of discretion."

"K.S.A. 60-260(b) was not intended as an alternative method of appellate review, nor as a means of circumventing time limits on appeal, except where compelling considerations of justice require that course. It was not intended to provide a procedure to challenge a supposed legal error of the court, nor to obtain relief from errors which are readily correctable on appeal."

"The broad language of K.S.A. 60-260(b)(6) authorizing relief for 'any other reason justifying relief from the operation of the judgment' gives the courts ample power to vacate judgments whenever such action is appropriate to accomplish justice. This power is not provided in order to relieve a party from free, calculated and deliberate choices he has made. The party remains under a duty to take legal steps to protect his interests."

There is absolutely no showing that appellant had no knowledge of the January 5 ruling. She had six months to perfect an appeal therefrom and was in contact with her counsel throughout the time. Likewise, there is no showing that the Petition in Will Contest was clearly an appeal which by clerical error was filed in the wrong court. Her counsel knew where it was filed, how it was captioned, and made no effort to transfer it or file an appeal bond.

No abuse of discretion is shown by the district court in denying relief under K.S.A. 60-260(b).

All issues raised have been disposed of and the judgment is affirmed.

FROMME, J., not participating.