(615 P.2d 786)
No. 51,777

EDWARD DARNALL and JOE DARNALL, *Appellees,* v. ROBERT LOWE,
*Appellant.*

 Opinion filed
July 25, 1980. 

*Robert J. Lewis, Jr.,* of Lewis, Lewis & Beims, of Atwood, for appellant.

*Laurence A. Taylor,* of Cooper & Shalz, of Colby, for appellees.

Before FOTH, C.J., ABBOTT and MEYER, JJ.

ABBOTT, J.: This action was brought by the plaintiffs, Edward Darnall and Joe Darnall, against the defendant, Robert Lowe, seeking to recover damages in the amount of $725.58.

The issues raised all involve the propriety of the trial court's awarding attorney fees of $500 to plaintiffs pursuant to K.S.A. 1979 Supp. 60-2006. The facts are not in dispute, and although not significant, they will be briefly summarized to provide the background necessary to understand the issues involved and the ultimate disposition of the case.

The plaintiffs, Joe and Ed Darnall, are father and son, and they owned the pickup truck involved in the accident. When the accident occurred, the pickup was being driven south on a dirt road by Karen Darnall, the daughter of Joe and the sister of Ed. The defendant, transporting wrecked car bodies loaded on a trailer he owned, was going north. The wrecked car bodies were apparently protruding from the trailer. The vehicles met at the top of a hill; Karen applied the brakes and the pickup skidded, striking a protruding car body on the rear of the trailer and causing damages to the pickup in the amount of $725.58. Plaintiffs filed suit seeking $725.58 damages, costs, and attorney fees pursuant to K.S.A. 1979 Supp. 60-2006. The case was tried to the court. The trial judge fixed the percentage of fault at zero for plaintiffs, 40 percent for defendant and 60 percent for Karen. Karen was not a party to the suit. Judgment was rendered in favor of the plaintiffs for 40 percent of $725.58, plus costs. The trial judge denied plaintiffs' request for attorney fees; they appealed and that appeal was docketed in the Court of Appeals on *September 25,* 1979.

The trial court later determined that it did not have discretion to deny attorney fees. It amended the judgment sua sponte without notice to the parties or without giving them an opportunity to be heard, and awarded plaintiffs $500 for attorney fees. The plaintiffs then dismissed their appeal and defendant subsequently filed this appeal.

We first consider the question whether a trial court has jurisdiction to correct or modify a judgment under K.S.A. 60-260 after an appeal has been docketed at the appellate level and without notice to the parties. We believe the issue is controlled by two Kansas Supreme Court decisions.

First, *Wichita City Teachers Credit Union v. Rider,* 203 Kan. 552, 556, 456 P.2d 42 (1969), instructs that a trial court may reexamine its rulings within the time period allotted by K.S.A. 60-260, *provided* it does so prior to the time the appeal is docketed at the appellate level. Here, the appeal had been docketed in the Court of Appeals prior to the judgment's having been modified as a result of a mistake of law, and the trial judge had lost jurisdiction. See also *Neagle v. Brooks,* 203 Kan. 323, 328, 454 P.2d 544 (1969); *In re Estate of Corson,* 226 Kan. 673, 602 P.2d 1320 (1979).

The second controlling case is *Brown v. Fitzpatrick,* 224 Kan. 636, 640, 585 P.2d 987 (1978). The issue involved was whether under K.S.A. 60-260(*b*) a trial court could modify a previous order ex parte without giving an affected party an opportunity to oppose the new order. The Supreme Court at Syl. ¶ 4 held that "K.S.A. 60-260(*b*) does not permit a district court to grant relief from a judgment or order on its own initiative. Subsection (*b*) requires a motion be filed and a notice of hearing be given to all parties to be affected thereby."

Thus, even though here the trial judge's action is commendable in that he attempted to correct what he perceived to be an error, we are duty-bound to hold that his effort to correct an error of law constitutes reversible error. Having so held, the other issues become moot. In view of the fact, however, that the mistake can be corrected by motion under K.S.A. 60-260(*b*) for at least one year from the date of judgment (August 29, 1979), we offer our comments on the moot issues for the trial court's guidance.

Defendant claims that K.S.A. 1979 Supp. 60-2006, which authorizes the recovery of attorney fees, is not applicable. Defendant's theory is that he is the "prevailing party" because he was found to be only 40 percent at fault while the driver of plaintiff's vehicle, who is not a party to the action, but whose fault was nevertheless compared, was found to be 60 percent at fault.

If the prevailing party recovers damages, then that party is entitled to a reasonable attorney's fee to be taxed as costs. The

basis for the allowance is fault and not who files the suit. Both parties may contend for damages based on the fault of the other. In such case, either party may recover attorney fees as costs if that party recovers damages. *Pinkerton v. Schwiethale,* 208 Kan. 596, 601, 493 P.2d 200 (1972).

Thus, as between plaintiffs and defendant, plaintiffs were the successful party. The court specifically found defendant to be at fault and entered judgment for plaintiffs. The fact that plaintiffs are unable to recover the entire amount of their claim from defendant is immaterial. The statute does not require recovery of all damages sought by a successful party as a prerequisite to an award for legal fees. The only requirement is that the recovery be greater than any amount tendered by the adverse party before the action is commenced.

Next, defendant argues that the $500 award should be reduced by the percentage of negligence imposed against him. In other words, defendant argues he should pay only 40 percent of the amount awarded as attorney fees. The purpose of K.S.A. 1979 Supp. 60-2006, however, is to encourage the prompt payment of small claims and to discourage unnecessary litigation in certain automobile negligence cases. The intent of the statute is to require defendants to inquire, to investigate, and, if warranted, to make an offer. *Arnold v. Hershberger,* 4 Kan. App. 2d 24, 602 P.2d 120 (1979). Defendant here could have avoided the payment of attorney fees altogether by making a tender of damages in an amount equal to or greater than the amount recovered ($290.23) prior to commencement of this action.

K.S.A. 1979 Supp. 60-2006 was enacted after the comparative negligence statute and contains no language to indicate that the legislature intended that the award should be reduced to reflect degree of fault. The trial court did not err in refusing to assess defendant only 40 percent of the attorney fees. Other jurisdictions that have considered the question of apportionment of costs are in accord. Other jurisdictions have adopted some form of comparative negligence and still have refused to allocate costs (in our case, attorney fees were taxed as costs) awarded to the prevailing party on the basis of percentage of fault. In 1976, Hawaii rejected the allocation of costs theory by pointing out that the statute was silent on the subject. *Abreu v. Raymond,* 56 Hawaii 613, 546 P.2d 1013 (1976). Likewise, Florida, which adopted comparative neg-

ligence by judicial decision, has considered and rejected the argument. *Blaw-Knox Food & Chemical Equip. Corp. v. Holmes,* 348 So. 2d 604 (Fla. App. 1977). See also *Teel v. Young,* 389 A.2d 322 (Me. 1978).

In *Hyatt v. Sierra Boat Co.,* 79 Cal. App. 3d 325, 145 Cal. Rptr. 47 (1978), plaintiff was found to be 40 percent at fault. Defendant appealed from that portion of the judgment that awarded plaintiff the entire amount of the costs, arguing that principles of comparative negligence required the amount of costs recoverable by plaintiff to be reduced by 40 percent. The court stated that it was not willing to legislate or interpret the statute allowing costs of litigation to the prevailing party to authorize apportionment, pursuant to principles of comparative negligence. See *Lemos v. Eichel,* 83 Cal. App. 3d 110, 147 Cal. Rptr. 603 (1978).

The amount of attorney fees to be awarded is discretionary with the trial judge. The amount of attorney fees awarded here is not excessive; the award appears to us to be very conservative and does not amount to an abuse of discretion.

Plaintiffs' counsel requests attorney fees on appeal. K.S.A. 1979 Supp. 60-2006 authorizes attorney fees at trial to the prevailing party. That same statute has been held to give an appellate court authority to award attorney fees on appeal for all services rendered for the benefit of the one who proceeds under the statute and effects the policy behind the statute. *Stafford v. Karmann,* 2 Kan. App. 2d 248, 252, 577 P.2d 836 (1978). In a technical sense, the plaintiffs may not be the prevailing party in this appeal, but for all practical purposes, they are. Defendant is in the position of having won the battle, but lost the war. Technically, defendant is correct since the trial court committed reversible error; however, the error is correctable and defendant will find himself in a position no better than that which he was in prior to the appeal. Allowing attorney fees on appeal under the circumstances is consistent with the purpose of K.S.A. 1979 Supp. 60-2006, which is to discourage an insurance carrier from refusing to pay small claims. A tender of $290.23 would have eliminated defendant's liability for attorney fees in this case. He does not contest the award of damages in the amount of $290.23 in this appeal. The only issue on appeal is whether defendant should pay attorney fees awarded by the trial court and, if so, whether he should pay $200 or $500. We have determined that the trial court correctly

awarded $500, but did so in an erroneous manner; however, the judgment can still be corrected. We thus do not feel that defendant can be said to be the prevailing party on appeal. Considerable court time has been expended in addition to the time spent by plaintiffs' attorney. Plaintiff has submitted an itemized time sheet which we have considered along with other well-settled standards in fixing attorney fees, and it is hereby ordered that defendant pay the plaintiffs' attorney fees on appeal in the amount of $1,250, the same to be taxed as costs and paid through the Clerk of the District Court of Logan County, Kansas.

Reversed and remanded with directions.