(675 P.2d 926)

No. 55,682

WILLIAM J. SQUIRES, *Appellant,* v. CITY OF SALINA; KANSAS POWER & LIGHT COMPANY; and BYRON T. BURKE, *Appellees.*

Opinion filed January 19, 1984.

*Jeffrey E. King* and *Robert M. Adrian,* of King, Adrian & King, Chartered, of Salina, for the appellant.

*John W. Mize,* of Clark, Mize & Linville, Chartered, of Salina, for appellee City of Salina.

*Steven Carr,* of Topeka, for appellee The Kansas Power and Light Company.

*Howard Engleman,* of Hampton, Royce, Engleman & Nelson, of Salina, for appellee Byron T. Burke.

Before FOTH, C.J.; TERRY L. BULLOCK, District Judge, Assigned; and FREDERICK WOLESLAGEL, District Judge, Retired, Assigned.

WOLESLAGEL, J.: William J. Squires, appellant (Squires), and Byron T. Burke, appellee (Burke), were drivers of cars which collided in daylight at an intersection in Salina which ordinarily was protected by a stop sign facing Burke's approach. The missing sign had toppled from trenching work in progress by appellee Kansas Power & Light Company (KP&L). Although KP&L employees had braced it back up, employees of appellee City of Salina (Salina) had laid the sign on the ground. Thereafter, and while trucks alongside the site flashed warning, the cars collided in the intersection. Squires filed a limited action case

against all defendants; Burke filed a counterclaim against Squires. In a court trial Squires was found to be 0% negligent, Burke 60%, KP&L 20%, and Salina 20%. Squires' damages of $681.86 and the costs were apportioned among all three defendants according to their fault.

Squires requested an allowance of attorney fees under K.S.A. 1982 Supp. 60-2006. The trial court found that the $2158 fee claimed by Squires was "reasonable" but reduced the fee allowance to $360 because the amount claimed was "not taxable as costs in its entirety," and taxed it all against Burke. It later overruled a motion to clarify and amend the finding without reasons or comment.

Squires questions the adequacy of the fee allowed and the assessment of the fee against Burke only, instead of against all defendants in proportion to their fault. The issues are:

1. Should this appeal be dismissed as urged by Burke because, while it was taken within ten days after the ruling on Squires' motion to clarify and amend the fee questions, it was more than ten days after entry of judgment?

2. Is it either proper or required under K.S.A. 1982 Supp. 60-2006 that a successful party's attorney fee be assessed in part against nondriving parties as well as against the driving party?

3. Was the establishing of a proper fee adequately handled by the trial court?

We give a negative answer to each question, affirm the taxing of the fee to Burke only, but vacate and remand for a proper response to the motion to clarify and amend.

### Appeal Time

Burke asks that we dismiss the appeal as it was taken more than ten days after the judgment was filed. He says K.S.A. 60-2103, which stays appeal time during the pendency of certain motions was not adopted by reference through K.S.A. 61-1725. He points out that appeal time in chapter 61 is governed by K.S.A. 61-2102(a) which provides it shall be taken within "ten (10) days after the entry of such order, ruling, decision or judgment." Absent specific statutory authorization, he concludes that the filing of the post-trial motion was not sufficient to extend appeal time.

Burke further claims that while K.S.A. 61-1725 adopts K.S.A. 60-259 and K.S.A. 60-260, it does not adopt the stay of appeal

time provisions of K.S.A. 60-2103 relating to K.S.A. 60-259 motions. He also says K.S.A. 61-1725 does not adopt K.S.A. 60-252, which he contends relates to this motion.

However, Burke candidly recognizes *Nolan v. Auto Transporters*, 226 Kan. 176, 597 P.2d 614 (1979), as a case that might—but he argues should not—negate his argument. We think it does. *Nolan* recited that K.S.A. 60-2103(*a*), providing for suspension of time pending a new trial motion, was not specifically made applicable to chapter 61 cases, but held this was just an oversight in drafting. Accordingly, it held K.S.A. 60-2103(*a*) did stay time on an appeal under K.S.A. 61-2102.

This case was not finally concluded until the final motion was decided. The language of *Nolan* would seem to speak to this case:

"Furthermore, it should be noted that K.S.A. 61-2101 authorizes an appeal from 'a final judgment' or from 'any order, ruling or decision which *determines* the action at any stage of the proceedings.' We have held that a final order from which an appeal will lie is one which finally decides and disposes of the entire merits of the controversy, and reserves no further questions or directions for the future or further action of the court." 226 Kan. at 181.

Squires' motion was essentially one to alter or amend under K.S.A. 60-259(*f*) and is specified by K.S.A. 60-2103 as staying time to appeal. We see no reason why the rationale of *Nolan* should not apply to this motion. Burke argues it is "significant" that the legislature did not see fit to amend K.S.A. 61-1725 after our Supreme Court noted the legislative omission. We agree. However, the significance as we see it is that the legislature was content with the court's amplification of the language of the statute. We believe it accords with that same legislative intent that this additional extension be made now.

### Assessing K.S.A. 1982 Supp. 60-2006 Attorney Fees Against Nondriving Defendants

K.S.A. 1982 Supp. 60-2006 provides:

"(*a*) *In actions brought for the recovery of damages of less than $3,000 sustained and caused by the negligent operation of a motor vehicle,* the prevailing party shall be allowed reasonable attorneys' fees which shall be taxed as part of the costs of the action unless:

"(1) The prevailing party recovers no damages; or

"(2) a tender equal to or in excess of the amount recovered was made by the adverse party before the commencement of the action in which judgment is rendered.

"(*b*) This section shall apply to actions brought pursuant to the code of civil

procedure and actions brought pursuant to the code of civil procedure for limited actions." Emphasis added.

This statute can be interpreted as allowing an award of fees (1) only against an actor who negligently operated a motor vehicle or (2) against any actor at fault if any one of a number of parties at fault was an operator of a motor vehicle. This is the first time that this question has come before the appellate courts of this state. Hoping to find some guidance, we have looked for decisions from other states that might have some relevance, but we find none. Guidance lies only in (1) principles of statutory construction and (2) Kansas decisions that indicate judicial policy already established in interpreting K.S.A. 1982 Supp. 60-2006.

K.S.A. 1982 Supp. 60-2006 is clear and certain as applied to uncomplicated two-vehicle collisions. But what of multiparty, varied degrees of fault cases? Under *Johnson v. McArthur,* 226 Kan. 128, 135, 596 P.2d 148 (1979), 60-2006 is to be enforced in harmony with legislative intent. But we see nothing on the face of the statute that in any way suggests which intent is applicable here. Yet, as to the two possible constructions, *Wachholz v. Wachholz,* 4 Kan. App. 2d 161, 162-163, 603 P.2d 647 (1979), says we are to pick the one which gives expression to the overriding legislative purpose. Statutes that are remedial in purpose are to be construed broadly so that their purpose may be accomplished. *Smith v. Marshall,* 225 Kan. 70, 75, 587 P.2d 320 (1978). In holding the statute to be constitutional, *Pinkerton v. Schwiethale,* 208 Kan. 596, 598-99, 493 P.2d 200 (1972), found the purpose of the statute was remedial. See also *Hicks v. Albertson,* 284 N.C. 236, 239, 200 S.E.2d 40 (1973).

In our view, the primary evil sought to be remedied by the statute was the propensity of some drivers, or their insurance carriers, to delay payment of just claims in the hope that the injured party would grow weary of, or short of money to finance, lawsuits for the recovery of small to modest damages. The onus of the statute is on nonsettling *drivers.* Accordingly, we conclude the statute applies to drivers only and that the trial court was correct in refusing to assess attorney fees against KP&L and Salina.

We turn next to Burke's claim that the principle of comparative negligence should apply to reduce fees recoverable under K.S.A. 1982 Supp. 60-2006 by the amount of fault attributable to non-

driving defendants. In our view 60-2006 and 60-258a (the comparative negligence statute) do not interplay. Each was designed to correct distinct and separate evils.

In answering a slightly different question, we have already so held. In *Darnall v. Lowe,* 5 Kan. App. 2d 240, 243, 615 P.2d 786 (1980), we stated:

"K.S.A. 1979 Supp. 60-2006 was enacted after the comparative negligence statute and contains no language to indicate that the legislature intended that the award should be reduced to reflect degree of fault. The trial court did not err in refusing to assess defendant only 40 percent of the attorney fees."

An apparent evil of tying comparative negligence into K.S.A. 1982 Supp. 60-2006 would be that a vehicle-operating defendant could join any nondriving parties that might possibly, but not probably, have done anything that was causative. This could substantially increase a plaintiff's work in investigation and litigation. If a driving defendant knows he will have to pay all of plaintiff's attorney fees should he be a loser, it will discourage any frivolity in joining nondriving parties. We conclude that there should be no reduction in the fees chargeable to a driving party based on the fault of nondriving parties.

Amount of Fee and Motion to Clarify

Squires finally contends that "the entire reasonable attorneys' fee bill should be paid to appellant." Burke claims the fee allowance must stand as the trial court has broad discretion in allowance of attorney fees and, unless abuse of discretion is shown, the amount will not be disturbed on appeal. Burke refers to *Stafford v. Karmann,* 2 Kan. App. 2d 248, 577 P.2d 836 (1978), and *Clark Equip. Co. v. Hartford Accident & Indemnity Co.,* 227 Kan. 489, 608 P.2d 903 (1980). The difficulty with Burke's position is that this is not a case involving abuse of trial court discretion. Rather, it is a case of failure to comply with K.S.A. 60-252(a), and Supreme Court Rule No. 165, 230 Kan. lxxxix.

We have held Squires is entitled to the total amount of his *reasonable* attorney fees, payable in full by Burke, the only driving defendant. Unfortunately, the proper amount of those fees remains uncertain. The general guidelines in determining what is a proper fee for legal services have been set out in many cases, most recently in *Hall v. Hamilton,* 233 Kan. 880, 888-89, 667 P.2d 350 (1983). They need not be reviewed again. The items mentioned are what they purport to be: guidelines, not

exclusive considerations. We have no information as to what additional factors may have been considered by the trial court, and we take no position as to what additional factors should have been considered.

In spite of holdings by this court and by our Supreme Court as to our expertise in setting a proper attorney fee, we cannot act in a factual vacuum. In this case, only the trial court has the meaningful background as to the prosecution and defense of the respective claims, the reasonableness of time claimed to have been spent, ability of counsel, and reasonableness of procedures utilized. Since it did not convey its bases for the fee allowance to the parties, it is not available to us. It only found the requested fee "reasonable" but not allowable "in its entirety." The bases need to be stated, particularly when, as here, a motion to clarify and amend has been filed.

In *Read v. Estate of Davis,* 213 Kan. 128, Syl. ¶ 3, 135-136, 515 P.2d 1096 (1973), the court held that when "the findings and conclusions of the trial court are inadequate to permit meaningful appellate review, the appellate court has no alternative but to remand the case for new findings and conclusions." Without any post-ruling motion, we recently vacated and remanded a ruling concerning a surcharge against a trustee's fee when it determined the record in the case was "not consistent with any findings we could presume the trial court made." *Burch v. Dodge,* 4 Kan. App. 2d 503, 507, 608 P.2d 1032 (1980). See also *In re Lett & Jackson,* 7 Kan. App. 2d 329, 333-337, 640 P.2d 1294, *rev. denied* 231 Kan. 800 (1982).

Here there was a motion for findings on the fee issue, but no findings were made. In the absence of findings we are unable to determine how the court arrived at the amount of the fee. We are thus deprived of the ability to give meaningful appellate review. We have no alternative but to vacate the allowance and remand for reconsideration, including findings and conclusions.

Affirmed as to liability for fees. Vacated and remanded for reconsideration of the amount of the attorney fee to be charged to defendant Burke.