(235 P.3d 535)
No. 102,746

DAVID C. WITTIG, *Appellant*, v. WESTAR ENERGY, INC., *Appellee*.

Opinion filed July 9, 2010.

*Jeffrey D. Morris, Jeremy S. Weis, Nick J. Kurt*, and *Kirk A. Peterson*, of Berkowitz Oliver Williams Shaw & Eisenbrandt, LLP, of Kansas City, Missouri, for appellant.

*Charles W. German, Kirk T. May*, and *Jason M. Hans*, of Rouse Hendricks German May PC, of Kansas City, Missouri, for appellee.

Before HILL, P.J., GREEN and STANDRIDGE, JJ.

HILL, J.:

*Introduction*

Westar Energy, Inc. promised in its Articles of Incorporation to advance attorney fees and expenses reasonably incurred by its officers and directors charged with a crime, sued, or the subject of a criminal or administrative investigation. If the company failed to make the advances within 30 days of the request and an officer or director was thereby forced to come to court to enforce this right of advancement, Westar promised to pay the expenses of that lawsuit as well. Westar breached this contract when it failed to advance fees reasonably incurred by David C. Wittig arising from his federal criminal prosecution. We affirm the district court's discretionary ruling here that Wittig's counsel was entitled to a higher rate of compensation than Westar advanced because the court carefully assessed each factor found in Kansas Rule of Professional Conduct 1.5(a) (2009 Kan. Ct. R. Annot. 460) when it made the fee determination. We reverse the court's decision to dismiss Wittig's breach of contract claim based on its conclusion that Westar was entitled to a second chance to comply with its contractual obligation because the company had paid some money to Wittig's lawyers. The court's conclusion rendered the contract meaningless and therefore was improper. Finally, we remand the matter to the district court for a determination of the costs of this action the court must assess against Westar because Wittig was successful in his action.

*We give a brief review of the facts.*

In December 2003, a federal grand jury indicted David C. Wittig for allegedly defrauding Westar Energy, Inc., a Kansas corporation. The United States began his prosecution in *United States v. Wittig and Lake*, 03-40142-JAR, a case that is awaiting a third trial. Wittig was the former Chief Executive Officer and Chairman of the Board of Directors of Westar when the grand jury handed down the indictment.

Based on the conditional grant of indemnity in Article XVIII(2)(a) of its Articles of Incorporation, Westar advanced legal fees and other costs incurred by Wittig in his defense. That article

created a contract obligating Westar to advance legal fees and associated expenses reasonably incurred by its officers and directors in any criminal or civil action, or investigation or administrative proceeding arising from their role with the corporation. The corporation made these advances after Wittig signed a promise to repay any amounts advanced if it was later decided he was not entitled to indemnity from the corporation. Eventually, Westar disputed the fees it was paying and filed a lawsuit in the district court of Shawnee County, seeking declaratory judgment relief, setoff, and damages for breach of contract. In that lawsuit, the district court finally, by declaratory judgment, ruled that Westar could advance fees at a more reasonable hourly rate that was lower than that requested by Wittig's Washington, D.C., law firm, Piper Rudnick. Also, the court dismissed Westar's breach of contract claim and request for setoff. It ruled such requests were premature and held those claims must be litigated after the underlying legal action has ended and the parties have determined whether Wittig must repay any of the advances. The court's ruling in that case is on appeal before this court in *Westar Energy, Inc. v. Wittig*, 44 Kan. App. 2d 182, 235 P.3d 515 (2010). But the court's ruling did not end Wittig's need for more advances.

Wittig retained Paula Junghans to represent him in his third criminal trial. She was formerly with the law firm of Piper Rudnick and is now in the Zuckerman Spaeder LLP firm in Washington, D.C. Between January 2007 and August 2008, Zuckerman Spaeder presented bills to Westar for work done on Wittig's case. At the time, Junghans billed at a rate of $625-$675 per hour. Westar, however, only paid advances based on what the corporation thought was a reasonable hourly rate of $395 for Junghans. Because of Westar's reluctance to pay the full rate, Wittig decided to sue.

Therefore, Wittig filed a petition in Shawnee County District Court in February 2008, claiming Westar breached its contract to pay his reasonably incurred legal fees and expenses when it failed to advance full payment for services rendered by Zuckerman Spaeder. Wittig requested an award of "the full amount of all unpaid attorneys' fees and expenses." Wittig also claimed Westar was liable for the fees and expenses he incurred to enforce his right to ad-

vancement, or "fees on fees." Finally, Wittig asked the court for a declaratory judgment holding the contract required Westar to advance the fees he incurred in the third trial at the normal hourly rates charged by his nonlocal counsel. Wittig received partial relief.

First, the district court held it was not reasonable to require Westar to advance significantly higher hourly rates for nonlocal attorneys than those charged by white-collar criminal defense attorneys in the greater Kansas City area for similar services. The court did agree with Wittig, however, that under the circumstances, it was reasonable to advance a higher hourly rate than Westar was then paying for Junghans' services. Then, after reviewing all the KRPC 1.5(a) factors, the court declared as reasonable $425 per hour for Junghans' services in 2007; $450 per hour in 2008; $475 per hour for 2009; and $500 per hour for 2010. After making this ruling, the court moved on to Wittig's breach of contract claim.

On the breach of contract claim, the court held the plain and unambiguous language in Westar's Article of Incorporation XVIII(2)(a) only obligated Westar to advance reasonably incurred fees and expenses. Dismissing Wittig's contract claim, the court reasoned the corporation was not ignoring its contractual obligation to advance fees and expenses, but Westar and Wittig had a legitimate dispute over what rate was reasonable. The court noted that Westar had made advancement at an hourly rate it believed to be reasonable. The court stated that although a dispute over the reasonableness of rates was proper for declaratory judgment, this did not mean Westar breached a contractual obligation by not paying at the rate charged by the law firm. The court also noted an advancement action offers but interim relief and any breach of contract claim could and should be resolved *after* the end of the underlying criminal case in federal court. Here, the district court was trying to make this ruling consistent with its ruling in the lawsuit brought by Westar. After that, the court addressed Wittig's request for fees.

On Wittig's request for " 'fees on fees,' " the court cited the language of Article of Incorporation XVIII(2)(b):

"If a claim under paragraph (a) of this Section is not paid in full by the Corporation within thirty days after a written claim has been received by the Corporation, the claimant may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim and, if successful in whole or in part, the claimant shall be entitled to be paid also the expense of prosecuting such claim."

The court dismissed Wittig's claim for "fees on fees." It noted that Westar had advanced all the fees incurred by Wittig's Kansas City, Missouri, law firm during the third trial and had indeed advanced Junghans' fees at a rate of $395 per hour. Even though the court recognized the advances to Junghans represented only 93 percent and 88 percent of the amounts the court had declared as reasonable during 2007 and 2008, it ruled Westar had no contractual obligation to advance fees at a rate determined to be unreasonable. The court found the hourly rates charged by Junghans excessive and it would not enter a monetary judgment based on a declaratory judgment unless a petition for further relief was filed. The court concluded that under Article XVIII(2)(b), Wittig was required to make a written claim in order to give Westar the opportunity to advance additional sums to fulfill its obligation determined by the court in the declaratory judgment. The court said that if Westar failed to advance an amount consistent with its declaration, Wittig could then file a petition for further relief and then request "fees on fees."

*The court wrongly ruled Westar did not breach its contract with Wittig.*

Wittig claims the district court erred in dismissing his breach of contract claim for two reasons. First, Wittig's contract claim was not comparable to Westar's claim for recoupment or setoff made in the prior case. Second, the district court's own analysis showed Westar breached its contractual obligation by failing to advance the hourly rate judged reasonable by the court. We address this issue and hold that Wittig is correct and the court should not have dismissed his breach of contract claim. Therefore, we must reverse and remand the matter to the district court. But first, we note our standard of review and then review the parties' contract.

We exercise unlimited review of this segment of the appeal. The interpretation and legal effect of a written contract are matters of law over which an appellate court has unlimited review. *Conner v. Occidental Fire & Cas. Co.*, 281 Kan. 875, 881, 135 P.3d 1230 (2006). "Regardless of the construction given a written contract by the trial court, an appellate court may construe a written contract and determine its legal effect. [Citation omitted.]" *Unrau v. Kidron Bethel Retirement Services, Inc.*, 271 Kan. 743, 763, 27 P.3d 1 (2001).

Also, since the court here granted summary judgment, and there are no disputed material facts, deciding whether Westar breached the contract is a question of law and is a proper subject for summary judgment. See *City of Topeka v. Watertower Place Dev. Group*, 265 Kan. 148, 154, 959 P.2d 894 (1998). Additionally, where there are no disputed facts and an appellate court is required to interpret and give legal effect to a written contract, appellate review of a summary judgment order is de novo. *Katzenmeier v. Oppenlander*, 39 Kan. App. 2d 259, 263, 178 P.3d 66 (2008). Following these rulings, we exercise unlimited review of this aspect of the case. We move now to the contract.

Article XVIII(2)(a) of Westar's Articles of Incorporation creates the contract between the parties and provides:

"Each person who was or is made a party . . . to or is involved in any action, suit or proceeding, whether civil, criminal, administrative or investigative . . . by reason of the fact that he or she . . . is or was a director or officer . . . of the Corporation . . . shall be indemnified and held harmless by the Corporation to the fullest extent authorized by the Kansas General Corporation Law . . . against all expense, liability and loss (including attorneys' fees . . .) reasonably incurred or suffered by such person in connection therewith . . . . The right to indemnification . . . shall be a contract right and shall include the right to be paid by the Corporation the expenses incurred in defending any such proceeding in advance of its final disposition: provided, however, that, if the Kansas General Corporation Law requires, the payment of such expenses . . . in advance of the final disposition of a proceeding . . . shall be made only upon delivery to the Corporation of an undertaking . . . to repay all amounts so advanced if it shall ultimately be determined that such director or officer is not entitled to be indemnified under this Section or otherwise."

Wittig therefore executed and delivered an Undertaking to Westar stating:

"I, David C. Wittig, hereby agree that I will immediately repay Westar Energy, Inc. ("Westar") any payment it has advanced to me to cover my reasonable attorney's fees and other expenses in connection with cases brought against me . . . in the event it is ultimately determined . . . that I am not entitled to be indemnified by Westar . . . ."

In our view, there is no question that Westar breached its contract with Wittig. We base our view on the finding of the district court that Junghans is entitled to an hourly rate of compensation greater than that advanced by Westar for each year she has worked on the case. From a common-law perspective, we note Black's Law Dictionary 213 (9th ed. 2009) defines "breach of contract" as a "[v]iolation of a contractual obligation by failing to perform one's own promise." Here, Westar failed to keep its promise when it did not advance fees reasonably incurred. By not advancing those fees, the corporation was liable for breach of contract.

The district court mistakenly analyzed Wittig's claim by focusing on his request for "full" payment of Zuckerman Spaeder's bill. Even though Wittig sought "full" payment—language chosen as a matter of strategy—the district court did recognize in its findings that Westar failed to advance the full amount for which it was liable. Thus, Westar did not keep its promise of advancing fees and expenses reasonably incurred. Therefore, the district court was not justified in refusing to consider Wittig's breach of contract claim.

Furthermore, the district court erred when it refused to consider the breach of contract claim based on the interim nature of an advancement proceeding. We agree that usually, in such an action, resolution of the advancement request does not require the court to examine the merits of the case or make a determination of the right to indemnification. But that does not mean that a party claiming the right to advancement cannot also request damages under a breach of contract theory. A quick review of some cases from Delaware is helpful here, because Delaware court rulings have historically been a source of instruction for our Supreme Court on matters of corporate law since our corporate code is modeled on the Delaware code. See *Kansas Heart Hospital v. Idbeis*, 286 Kan. 183, 197, 184 P.3d 866 (2008).

First, in *Homestore, Inc. v. Tafeen*, 888 A.2d 204 (Del. 2005), a former corporate officer, Tafeen, sued for advancement of expenses and attorney fees arising from several civil lawsuits and an investigation by the Securities and Exchange Commission and the Department of Justice. The Delaware Supreme Court explained, "[i]ndemnification encourages corporate service by capable individuals by protecting their personal financial resources from depletion by the expenses they incur during an investigation or litigation that results by reason of that service." 888 A.2d at 211. The court went on to point out that, "[t]he right to indemnification cannot be established, however, until after the defense to legal proceedings has been 'successful on the merits or otherwise.' [Citations omitted.]" 888 A.2d at 211. But the court carefully contrasted the right of advancement.

Advancement, according to the Delaware Supreme Court in *Homestore*, "is an especially important corollary to indemnification as an inducement for attracting capable individuals into corporate service. Advancement provides corporate officials with immediate interim relief from the personal out-of-pocket financial burden of paying the significant on-going expenses inevitably involved with investigations and legal proceedings." 888 A.2d at 211. Even though advancement and indemnification are corollary, under Delaware law they involve separate and distinct legal actions. The right to advancement is not dependent on the right to indemnification. 888 A.2d at 212. In fact, "[t]he limited and narrow focus of an advancement proceeding precludes litigation of the merits of entitlement to indemnification for defending oneself in the underlying proceedings." 888 A.2d at 214.

Next, in *Citadel Holding Corp. v. Roven*, 603 A.2d 818 (Del. 1992), the Delaware Supreme Court ruled, in a case involving an agreement similar to the contract found in Westar's Articles of Incorporation, "the corporation's obligation to pay expenses is subject to a reasonableness requirement." 603 A.2d at 823. Citadel was not required to advance unreasonable expenses but was required to advance reasonable ones. 603 A.2d at 823-24. An advancement proceeding is not a corporate blank check. *Fasciana v. Electronic Data Systems Corp.*, 829 A.2d 160, 175 (Del. Ch. 2003).

Nonetheless, in the breach of contract portion of the lawsuit, the Delaware Supreme Court held that Roven was entitled to pre-judgment interest because Citadel had failed to advance reasonable attorney fees to him. The Delaware Supreme Court ruled that if it is later determined that Roven was not entitled to corporate indemnity, he would then have to repay all sums advanced to him in his defense, including any prejudgment interest paid by Citadel. 603 A.2d at 826.

Going further, the district court here failed to appreciate the fundamental difference between the breach of contract claim made by Westar in its lawsuit against Wittig and Wittig's breach of contract claim against Westar in this action. In its case, Westar sought recoupment of money it had already advanced. In that case, the district court correctly ruled that such an action was premature and must come later when it is decided if Wittig is entitled to corporate indemnity. That determination can come only after the underlying criminal action against Wittig is final. One reason for ruling so in that case is because an advancement proceeding is to provide immediate interim relief to an officer or director seeking relief or the right to advancement is effectively denied. But that is not the only reason to rule in such a way. Simply put, Westar effectively contracted to bear the risk of nonpayment of expenses and legal fees if Wittig is not entitled to indemnity. See *Fasciana*, 829 A.2d at 175. In Westar's case, if Wittig is not entitled to indemnity, then he will have to repay all sums advanced in his defense. That differs from the breach of contract claim Wittig raises here.

In contrast, Wittig's breach of contract claim arises from a second provision of Westar's Articles of Incorporation as well as the Article quoted above. Article XVIII(2)(b) gives force to the promise of Westar to advance defense expenses:

"If a claim under paragraph (a) of this Section is not paid in full by the Corporation within thirty days after a written claim has been received by the Corporation, the claimant may at any time thereafter bring suit against the Corporation to recover the unpaid amount of the claim and, if successful in whole or in part, the claimant shall be entitled to be paid also the expense of prosecuting such claim."

Clearly, this Article is intended to discourage the corporation from refusing to pay the fees and expenses it is obligated to pay under

Article XVIII(2)(a). In other words, Westar has promised to advance the defense expenses reasonably incurred and has promised to do so promptly. In our view, these promises do not depend on an initial determination of corporate indemnity to be enforced. Just as the claimants in *Citadel* and *Fasciana*, Wittig can pursue his breach of contract claim. Westar has contracted to assume this risk as well. We move on to the related question of "fees on fees."

*The district court should consider Wittig's claim for "fees on fees."*

The next issue is not complex. Wittig argues that since Westar did not pay Wittig's advancement request in full and the district court later agreed that Westar had not fully paid Wittig's defense fees and expenses reasonably incurred, then he was successful in part. This means, in his view, he is entitled to "fees on fees" for the expense of prosecuting this claim. With the district court's finding that Junghans' compensation should have been higher than what Westar was advancing, Wittig was, indeed, partially successful. Therefore, because of the plain language of the parties' contract we must reverse and remand this matter.

This issue requires this court to interpret and enforce the language of Article XVIII(2)(b) of Westar's Articles of Incorporation. Once again, contract interpretation is a question of law subject to our unlimited review. *Wichita State Univ. Intercollegiate Athletic Ass'n v. Marrs*, 29 Kan. App. 2d 282, 283, 28 P.3d 401 (2001). This court is not bound by the district court's interpretation of a contract and may independently construe its meaning and determine the legal effect of the agreement. Furthermore, there is no dispute here about the facts.

It is clear under the plain language of Article XVIII(2)(b) that Wittig should have been awarded "fees on fees." Zuckerman Spaeder (on Wittig's behalf) presented a claim to Westar under Article XVIII(2)(a) for advancement. Westar did not advance the full claim. When Wittig brought this suit to recover what Westar failed to advance, he was successful in part, because the district court held Westar should have advanced an hourly rate for Junghans greater than that advanced by Westar. Thus, Westar was entitled to the "fees on fees" he incurred while prosecuting this claim.

The district court's denial of this request simply ignores the plain meaning of the contract. The court essentially reasoned that because Westar had not completely ignored its contractual obligation and advanced some amount, then Westar deserved a second chance to advance the appropriate amount. That rationale ignores the purpose of Article XVIII(2)(b). Article XVIII(2)(b) is intended to discourage the corporation from refusing to pay the fees and expenses it has obligated itself to pay. That provision of the Articles promotes the underlying policy of encouraging people to enter corporate service. If Westar fails to make the allowances of fees and expenses reasonably incurred and Wittig has to go to court and is successful in whole or in part, then under the contract, he is entitled to recover his expenses for bringing that suit. No other interpretation of "if successful in whole or in part" makes sense. The allowance of "fees on fees" is simply the remedy provided in Westar's Articles for any lack of diligence by Westar in making advances. If we fail to enforce that part of the contract, we render that provision meaningless.

Further, Westar's arguments on this point are unconvincing. The corporation argues first that Wittig was not entitled to "fees on fees" because he was not awarded the full amount billed by Junghans. This argument overlooks the fact that a claimant is entitled to "fees on fees" if he or she is successful "in whole or in part." Although the court dismissed Wittig's contract claim, it nevertheless found in Wittig's favor, in part, by finding Westar should have advanced an hourly rate greater than that advanced by Westar. Even though the district court may not have made a damage award but merely made a declaration, Wittig was nevertheless successful in part.

Next, Westar argues Wittig's declaratory judgment claim does not trigger the "fees on fees" provision because his claim was not a " 'suit' " to recover an unpaid amount. Black's Law Dictionary 1572 (9th ed. 2009) defines "suit" as "[a]ny proceeding by a party or parties against another in a court of law." In our view, when a plaintiff files a petition in the district court asking the court to make a declaratory judgment and also decide a breach of contract claim between the plaintiff and the defendant, the plaintiff has filed suit.

K.S.A. 60-1701 states that courts shall have the power to declare the rights, status, and other legal relations of a party whether or not further relief is or could be sought. The statute provides that such declarations shall have the force and effect of a final judgment. There is no question that Wittig filed suit in the district court to recover an unpaid advancement. The contract provision for "fees on fees" was activated here when the district court exercised its discretion and ruled larger fees should have been advanced by Westar to Junghans. We turn now to that ruling.

*The district court properly exercised its discretion in deciding reasonableness.*

The district court did not grant Wittig everything he wanted. Instead, the court ruled that Westar should have advanced fees at an hourly rate greater than it did but lower than what was billed. In this appeal, then, Wittig argues the district court failed to take into account the parties' conduct, denied the parties the benefit of their bargain, and incorrectly focused its analysis on KRPC 1.5(a) (2009 Kan. Ct. R. Annot. 460). To the contrary, we hold there is no abuse of discretion here because our Supreme Court deems trial judges as experts on attorney fees, and the trial judge here, while making a reasonableness determination, meticulously examined all of the factors found in KRPC 1.5(a), a methodology approved by our Supreme Court. But first, we review the principles of law on awarding attorney fees in Kansas and then focus on the law of corporate indemnity and advancement. After that, we review the findings of the district court concerning the reasonableness of the fees requested for advancement here to see if they are supported by substantial competent evidence.

In Kansas, attorney fees cannot be granted by a court in the absence of statutory authority or an agreement by the parties calling for an award. See *Rensenhouse v. Bauer*, 33 Kan. App. 2d 148, 150, 98 P.3d 668 (2004). In this case, the interpretation of Article XVIII(2)(a)—specifically the interpretation of the phrase "reasonably incurred"—is at issue. The interpretation and legal effect of a written instrument is a matter of law over which this court exercises unlimited review. *Unrau*, 271 Kan. at 763. Regardless of

the construction given a written contract by the district court, this court may construe a written contract and determine its legal effect.

Nevertheless, once it is determined that the district court had authority under an agreement to grant attorney fees, the district court's decision is reviewed under an abuse of discretion standard. *Tyler v. Employers Mut. Cas. Co.*, 274 Kan. 227, 242, 49 P.3d 511 (2002). The district court has wide discretion to determine the amount and recipient of attorney fees. *In re Marriage of Burton*, 29 Kan. App. 2d 449, 454, 28 P.3d 427, *rev. denied* 272 Kan. 1418 (2001). An award of attorney fees will not be set aside on appeal when supported by substantial competent evidence. The district court abuses its discretion when no reasonable person would take the view adopted by the district court. *State v. Moses*, 280 Kan. 939, 945, 127 P.3d 330 (2006). To be clear, in this case, this court has unlimited review over the district court's interpretation of the phrase "reasonably incurred." The court then evaluates the district court's decision to reduce the hourly rate billed by Junghans for an abuse of discretion. We now briefly review the principles of corporate indemnity and advancement law. For a more extensive treatment of the subject we refer the reader to our opinion in *Westar v. Wittig*, 44 Kan. App. 2d 182.

The Kansas Legislature created a public policy to encourage worthy individuals to accept positions of responsibility with corporations as directors and officers by enacting K.S.A. 17-6305. That law permits corporations to provide those officers indemnity from the costs associated with civil, criminal, and administrative actions as well as investigations. Thus, such officers and directors are free to make good-faith decisions without fear of penalty. At the same time, the legislature created a permissive right to advance those fees before the underlying action or investigation is complete. What the legislature made permissive by law, Westar made mandatory by its Articles of Incorporation.

Such a mandatory right was created here by Westar in Article XVIII(2)(a) of its Articles of Incorporation. Therefore, Wittig is entitled to advancement of attorney fees and expenses reasonably incurred by him in his prosecution. Both parties admit the Articles

of Incorporation create a contract binding on each. But Westar did not agree to a corporate blank check for any amounts requested by Wittig.

We apply to this appeal the general principles found in the Delaware cases previously cited, *Homestore, Inc. v. Tafeen*, 888 A.2d 204; *Citadel Holding Corp. v. Roven*, 603 A.2d 818; and *Fasciana v. Electronic Data Systems Corp.*, 829 A.2d at 175. An advancement action determines both entitlement to and the reasonableness of the fees and expenses requested. Therefore, we conclude that the district court had the authority to determine the reasonableness of Wittig's requests for advancement of Junghans' fees. Accordingly, we move on to examine more closely the rulings of the district court on this point.

The district court held that the hourly rates charged by Junghans were unreasonable in light of KRPC 1.5(a). The court therefore declared a reasonable hourly rate less than that billed by Junghans for each year between 2007 and 2010.

KRPC 1.5(a) states:

"The factors to be considered in determining the reasonableness of a fee include the following:

"(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

"(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

"(3) the fee customarily charged in the locality for similar legal services;

"(4) the amount involved and the results obtained;

"(5) the time limitations imposed by the client or by the circumstances;

"(6) the nature and length of the professional relationship with the client;

"(7) the experience, reputation, and ability of the lawyer or lawyers performing the services; and

"(8) whether the fee is fixed or contingent."

Examining each factor, the court first found Wittig's criminal case was clearly complex in nature and continued to require a significant amount of time and labor. The court found that although the case did not involve a federal tax charge, it still involved difficult questions and required a substantial amount of skill.

Second, the court found it reasonable to conclude that Junghans was precluded from working on other legal matters while working on Wittig's case.

Third, the court defined " 'locality' " as the greater Kansas City metropolitan area. The court concluded—based on its knowledge and the evidence presented by the parties and the evidence presented in Westar's lawsuit against Wittig—that local attorneys with expertise in white-collar criminal defense charge substantially lower hourly rates than those charged by attorneys with similar experience in Washington, D.C. The court noted that the hourly rate of James Eisenbrandt, a "very experienced and well-respected member of the white collar criminal defense bar in the greater Kansas City area," was $400 in 2008. The court similarly noted that Jeff Morris (a Berkowitz Oliver attorney) billed at a rate of $350 per hour in 2008. The court contrasted these rates to the $675 hourly rate charged by Junghans, who had 8 years less experience than Eisenbrandt. The court noted that Eisenbrandt and Morris were providing similar services to the same client in the same case.

Fourth, the court found the criminal case against Wittig involved significant penalties and the outcome was extremely important to Wittig. The court also recognized the importance of the outcome to the employees, shareholders, and ratepayers of Westar and the United States. The court noted that Wittig's first trial ended in a mistrial and the admonishment of his attorneys, including Junghans. The court also noted that Wittig was convicted of all charges in his second trial but that these convictions were reversed and a third trial will be set. The court therefore concluded that the results obtained were mixed.

Fifth, the court found Wittig's attorneys were required to meet deadlines set by the judge but did not appear to be limited in time or expense by Wittig. The court noted that it was unknown whether Wittig would have set such limits had Westar not contractually agreed to advance fees and expenses.

Sixth, the court noted that Junghans became involved in Wittig's case while at Piper Rudnick. The court found that although Junghans was not able to personally attend the second trial, she continued to be active in Wittig's defense since December 2002 and would serve as trial counsel in the third trial.

Seventh, the court commented on Junghans' expertise in the defense of complex criminal tax cases and good professional rep-

utation. Nevertheless, the court recognized the behavior observed in the first criminal trial.

Finally, the court noted the case was neither a fixed nor contingency fee case.

Obviously, the district court determined that Junghans' hourly rates were unreasonable in light of KRPC 1.5(a). Our Supreme Court has urged consideration of the KRPC 1.5(a) factors to determine the reasonableness of attorney fees. See *Davis v. Miller*, 269 Kan. 732, 751, 7 P.3d 1223 (2000). The district court analyzed and discussed each factor at length. We note that Wittig does not dispute the district court's analysis or the factual basis of any of these factors. We agree. There is no basis for concluding the district court abused its discretion in this regard. But instead of arguing an abuse of discretion, Wittig contends he was denied the benefit of his bargain by the district court and since the court used KRPC 1.5(a), it did in fact use extrinsic evidence to make its judgment and, therefore, it erred when it failed to take into account the conduct of the parties. We look at the conduct argument first.

In Wittig's view, Westar's conduct demonstrated the interpretation the parties placed upon this contract. He correctly points out that initially Westar paid the advances without question, in the amounts requested, and at the rates charged. He argues in this appeal that interpretation should be enforced by the court. Wittig sets forth numerous cases to support the idea that contracting parties' acts and conduct must be considered in order to ascertain the intent of an agreement. These cases are unpersuasive because each involves the court's interpretation of an ambiguous contract. See *Universal Motor Fuels, Inc. v. Johnston*, 260 Kan. 58, 63, 917 P.2d 877 (1996) (noting where ambiguity or uncertainty of contract is involved, intent of the parties is not ascertained by resort to literal interpretation); *Akandas, Inc. v. Klippel*, 250 Kan. 458, 464-65, 827 P.2d 37 (1992) (stating general principle that intent of the parties is primary, but that meaning should be ascertained by examining four corners of document); *Heyen v. Hartnett*, 235 Kan. 117, 123-24, 679 P.2d 1152 (1984) (court construed ambiguous deed); *First Nat'l Bank of Olathe v. Clark*, 226 Kan. 619, 624-25, 602 P.2d 1299 (1979) (where contract is ambiguous, trial court properly permitted

introduction of parol evidence to explain ambiguities); *Embree v. Koelsch*, 154 Kan. 570, 573, 119 P.2d 533 (1941) (where contract was ambiguous in terms, mode adopted by parties was properly used as guide in construing contract); *Fire Association v. Taylor*, 76 Kan. 392, Syl. ¶ 2, 91 Pac. 1070 (1907) (stating where language is susceptible of two or more meanings—*i.e.*, ambiguous—court must ascertain the intent of parties); and *Sun-Times Media Group, Inc. v. Black*, 954 A.2d 380, 398 (Del. Ch. 2008) (stating when terms of agreement are ambiguous ' "any course of performance accepted or acquiesced in without objection is given great weight in the interpretation of the agreement" '). These cases do not persuade us because the contract here was not ambiguous. Because the district court found no ambiguity in the contract, it was not required to look to extrinsic evidence such as the parties' course of conduct to determine the reasonableness of the fees and expenses requested. Moving on, we look at Wittig's argument about the court's use of KRPC 1.5(a).

In this appeal, Wittig argues that the court itself looked to an extrinsic source—the KRPC—because the Articles neither define nor provide guidance on the meaning of the phrase "reasonably incurred," which he deems an indefinite, ambiguous phrase. The Rules of Professional Conduct are not extrinsic evidence. Simply put, the rules are a reference the court may consider to aid in its analysis of attorney fee requests. Their use is a methodology approved by our Supreme Court when assessing fees, even those arising from a contract. See *Davis v. Miller*, 269 Kan. at 751. The conduct of the parties is, however, evidence extrinsic to the Articles. We turn now to Wittig's contention about the benefit of the bargain.

Wittig claims that the district court failed to consider the benefit of the bargain. As we pointed out in Westar's lawsuit against Wittig, the district court did recognize the promises Wittig made to repay if he was not entitled to indemnity and the Westar Article of Incorporation promising indemnity and advancement made it clear that the bargain here was for Westar to advance reasonable attorney fees and expenses and not pay all fees. The parties' bargain here did not create an unconditional right to advancement, or a

corporate blank check. The district court did explain that the purpose of a contractual attorney fee agreement is to give the parties the benefit of the bargain and went on to acknowledge the courts' responsibility to enforce that bargain. Also, the court acknowledged that an attorney and sophisticated client should have freedom to contract for higher fees than those customarily charged in Kansas. The district court did not ignore Wittig's argument on this point, it simply rejected it, as do we.

The district court computed a reasonable hourly rate to use in determining the advance to Junghans. The court considered each KRPC 1.5(a) factor and clearly explained its rationale for an adjustment based on its findings. Substantial competent evidence supports its findings. We cannot say the district court abused its discretion in doing so.

*Conclusion*

A portion of the district court's rulings in this case must be reversed and remanded while a second portion must be affirmed.

- The district court's dismissal of Wittig's breach of contract claim must be reversed based upon the plain language of the parties' contract. When the district court decided that Westar had not advanced Wittig's reasonably incurred expenses, it implicitly found Westar had breached its contract. Since this right of advancement is not conditioned upon the right of indemnity, Wittig can pursue the claim now. But any additional amounts he might obtain for the breach may have to be repaid to Westar if it is later determined that he is not entitled to indemnity.
- The "fees on fees" provision of Article XVIII(2)(b) was triggered here when Westar failed to advance Wittig's reasonably incurred fees within 30 days and a lawsuit had to be filed to enforce his right to advancement. We must reverse the district court's ruling on this point, as it renders this provision of the Articles meaningless.

We affirm the district court's discretionary ruling determining the reasonableness of the fees requested for advancement. The

court assessed all of the factors in KRPC 1.5(a). Its findings are supported by substantial competent evidence.

Affirmed in part, reversed in part, and remanded to the district court with directions consistent with this opinion.