NOT DESIGNATED FOR PUBLICATION

No. 125,107

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JUDITH L. WELLS,
*Appellee/Cross-appellant*,

v.

KANSAS CORPORATION COMMISSION,
*Appellee*,

and

MIDSTATES ENERGY OPERATING LLC,
*Appellant/Cross-appellee.*

MEMORANDUM OPINION

Appeal from Douglas District Court; BARBARA KAY HUFF, judge. Opinion filed February 3, 2023. Reversed in part and dismissed in part.

*Keith A. Brock*, of Anderson & Byrd, LLP, of Ottawa, for appellant/cross-appellee Midstates Energy Operating LLC.

*Jonathan R.* Myers, assistant general counsel and special assistant attorney general, Kansas Corporation Commission, for appellee.

*Judith L. Wells*, appellee/cross-appellant pro se.

Before HILL, P.J., BRUNS and WARNER, JJ.

PER CURIAM: In this judicial review action, Midstates Energy Operating LLC appeals from the district court's order awarding the pro se petitioner, Judith L. Wells,

1

attorney fees. At the outset, we note that this appeal does not involve the merits of Wells' petition for judicial review action, which was denied by the district court. Those issues are being addressed by another panel of this court in Well's direct appeal. See No. 124,743. Consequently, they will not be addressed in this opinion.

The district court awarded attorney fees to Wells under the Kansas Public Speech Protection Act, K.S.A. 2021 Supp. 60-5320. Assuming for the purposes of this opinion that Wells had standing to bring the petition for judicial review, we find that she failed to establish that she incurred any attorney fees in this judicial review action. As a result, the district court had no basis to award attorney fees to Wells. Furthermore, we find that Wells' cross-appeal should be dismissed because this appeal is limited to the issue of attorney fees. Thus, we reverse the district court's decision regarding the award of attorney fees.

FACTS

The parties are well aware of the underlying facts in this judicial review action. Moreover, most of these facts are immaterial to the limited issue presented in this appeal. Accordingly, we will briefly summarize the facts in this section of our opinion and discuss additional facts as necessary in the analysis section.

In 2017, Midstates Energy Operating LLC filed an application with the Kansas Corporation Commission (KCC) seeking a permit to authorize the injection of saltwater into a well located in Douglas County. Numerous protests were filed in opposition to Midstates Energy's application, including a protest filed by Wells as the manager of Wells Partners, LP. Although Wells initially represented herself in the administrative proceeding before the KCC, she was later represented by counsel.

2

The KCC denied Midstates Energy's motion to dismiss Wells' protest and an evidentiary hearing was held on June 26, 2018. Wells submitted prefiled testimony to the KCC in support of her protest. On August 16, 2018, the KCC issued an order approving Midstates Energy's permit application. After the KCC denied Wells' request for reconsideration, she filed a pro se petition for judicial review in the Douglas County District Court under Kansas Judicial Review Act, K.S.A. 77-601 et seq.

Midstates Energy filed a motion to strike Wells' petition for judicial review and asserted that she did not have standing to bring the action. However, the district court denied Midstates Energy's motion and found that Wells had standing to bring her pro se judicial review action. A month after the district court ruled on Midstates Energy's motion to strike, Wells moved to strike Midstates Energy's motion to strike. In her motion, Wells requested that the district court award her attorney fees under the Kansas Public Speech Protection Act, K.S.A. 2021 Supp. 60-5320.

Wells claimed she incurred attorney fees in the amount of $17,925. However, she did not submit an itemized statement, an affidavit, or any other documentation to support her claim for attorney fees. On November 9, 2021, the district court issued a memorandum decision denying Wells' petition for judicial review. As indicated above, Wells' direct appeal from the district court's denial of her petition has been assigned to a different panel of our court and is not a part of this appeal. After the direct appeal was docketed, the district court granted Wells' request for $17,925 for attorney fees.

In awarding attorney fees, the district court found that the Kansas Public Speech Protection Act applied to Midstates Energy's motion to strike challenging Wells' standing. However, the district court simply awarded a lump sum of $17,925 without identifying any documents supporting Well's claim for attorney fees. Likewise, the district court did not review the reasonableness of the fees requested under the factors set forth in Kansas Rule of Professional Conduct 1.5(a) (2022 Kan. S. Ct. R. at 333). As

3

indicated above, Wells did not provide any itemizations, affidavits, or other documents to the district court to allow for it to perform such a review.

ANALYSIS

Midstates Energy timely appealed the award of attorney fees. In response, Wells filed a cross-appeal challenging the district court's decision allowing Midstates Energy to intervene in the judicial review action. Consequently, there are two issues presented in this appeal while the remaining issues relating to this judicial review action are addressed in the direct appeal.

First, Midstates Energy alleges the district court erred in awarding attorney fees to Wells. Second, Wells claims the district court erred in allowing Midstates Energy to intervene in this judicial review action. Because of the direct appeal pending before another panel of this court, we will assume—for the purposes of this appeal—that Wells had standing to bring this judicial review action in light of her participation in the KCC permit proceeding.

*Award of Attorney Fees*

The Kansas Public Speech Protection Act, K.S.A. 2021 Supp. 60-5320, is intended "to encourage and safeguard the constitutional rights of a person to petition, and speak freely and associate freely, in connection with a public issue or issue of public interest to the maximum extent permitted by law while, at the same time, protecting the rights of a person to file meritorious lawsuits for demonstrable injury." K.S.A. 2021 Supp. 60-5320(b). The Act "provides a procedural remedy early in the litigation for those parties claiming to be harassed by a SLAPP lawsuit." *Doe v. Kansas State University*, 61 Kan. App. 2d 128, 135, 499 P.3d 1136 (2021). The Kansas Legislature has directed that the

4

provisions of the Act should "be applied and construed liberally to effectuate its general purposes." K.S.A. 2021 Supp. 60-5320(k).

The civil remedy allows a party to move to strike a claim if it "is based on, relates to or is in response to [that] party's exercise of the right of free speech, right to petition or right of association." K.S.A. 2021 Supp. 60-5320(d). The term "claim" is broadly defined under the Act to mean "any lawsuit, cause of action, claim, cross-claim, counterclaim or other judicial pleading or filing requesting relief." K.S.A. 2021 Supp. 60-5320(c)(1). If the moving party has prevailed on its motion to strike, the district court is to award "reasonable attorney fees" and may order additional relief "to deter repetition of the conduct by others similarly situated." K.S.A. 2021 Supp 60-5320(g)(1) and (2).

Here, Wells filed a motion seeking to strike Midstates Energy's motion to strike that asserted she did not have standing to file this judicial review action. Specifically, Wells alleged in her motion that Midstates Energy had attempted "to disqualify her from the Petition for Judicial Review she filed . . . [in] violation of her exercise of her right to free speech and right to petition." Regarding the attorney fees requested, she stated that "K.S.A. 60-5320(g) allows recovery of 'reasonable attorney fees' if the moving party prevails on its motion to strike." She then asserted—without offering any support—that her attorney fees amounted to $17,925.

Wells' motion is—at best—unconventional because it was filed *after* the district court had already denied Midstates Energy's motion to strike and *after* the district court had already allowed Wells to proceed on the merits in the judicial review action. On its face, K.S.A. 2021 Supp. 60-5320(d) suggests that a motion to strike under the Act is to be filed while the claim is still pending and not after the district court has already ruled on the merits of the claim the party is attempting to strike because "the burden shifts to the responding party to establish a likelihood of prevailing on the claim . . . ." Nevertheless, even if we assume that Midstates Energy's motion to strike constituted a claim under the

5

Act and that Wells' motion to strike was timely filed, a review of the record on appeal reveals that Wells has failed to make any attempt to show that the amount of attorney fees she requested were reasonable as required by K.S.A. 2021 Supp. 60-5320(g).

Upon what evidence did the district court rely on to find that the $17,925 it awarded as attorney fees in this case was reasonable as required by K.S.A. 2021 Supp. 60-5320(g)? We can find none after scrutinizing the record. Rather, as indicated above, Wells' motion to strike simply set forth a lump sum with no explanation or documentation offered in support of the request. Moreover, in granting the request, the district court did not address the reasonableness of the request. Understandably, this would have been difficult for the district court to do in light of the dearth of evidence submitted to establish that the fee request was reasonable.

It is important to recognize that Wells requested reasonable attorney fees and did not request "additional relief" that may have been available under the Act "to deter repetition of the conduct by others similarly situated." K.S.A. 2021 Supp. 60-5320(g). In determining whether attorney fees are reasonable, courts should review the eight factors set forth in Rule 1.5(a). *In re Estate of Oroke*, 310 Kan. 305, 319, 445 P.3d 742 (2019); *Johnson v. Westhoff Sand Co.*, 281 Kan. 930, 940-41, 135 P.3d 1127 (2006). Both the district court and this court are considered to be experts in the area of attorney fees. *In re Estate of Oroke*, 310 Kan. at 319.

In this case, there is nothing in the record from which the district court or this court could find that the amount of attorney fees requested by Wells is reasonable. In particular, no itemization, invoice, affidavit, or other supporting document was submitted to show the nature and extent of any legal services rendered, the time expended, or any of the factors considered in determining the reasonableness of the fee under Rule 1.5(a). There is also no indication that the amount of attorney fees requested was "related to the

motion." See K.S.A. 2021 Supp. 60-5320(g). Instead, we simply have a conclusory statement that the amount of attorney fees was allegedly incurred.

We recognize that Kansas courts have wide discretion in determining the amount of attorney fees. *Wittig v. Westar Energy, Inc.*, 44 Kan. App. 2d 216, 228, 235 P.3d 535 (2010). But the "burden to prove the reasonableness of the fees and expenses requested is upon the party making the request." *Westar Energy, Inc. v. Wittig*, 44 Kan. App. 2d 182, 210, 235 P.3d 515 (2010). Had Wells attempted to meet this burden and the district court merely failed to perform an analysis of the reasonableness of the requested fees under Rule 1.5(a), the appropriate remedy would be to remand this matter for further proceedings. However, the record reveals that Wells failed to make any attempt to meet her burden. For this reason, we reverse the district court's order granting Wells' attorney fees.

*Cross-appeal*

In her cross-appeal, Wells contends that the district court erred in allowing Midstates Energy to intervene in this judicial review action. Both Midstates Energy and the KCC argue that Wells abandoned this issue when she failed to include it in her direct appeal from the district court's denial of her petition for review. We agree that this issue should have been presented in Wells' direct appeal.

On March 28, 2020, the district court ruled that Midstates Energy could intervene in this judicial review action. Moreover, Wells' direct appeal from the district court's denial of her petition for judicial review was filed on November 29, 2021. If Wells wanted to challenge the district court's decision to allow Midstates Energy to intervene in the judicial review action, the appropriate time to do so would have been in the direct appeal. As our Supreme Court has held, piecemeal appeals are discouraged and should be avoided. *State v. Hall*, 298 Kan. 978, 986, 319 P.3d 506 (2014); *In re Adoption of Baby*

7

*Girl P.*, 291 Kan. 424, 429, 242 P.3d 1168 (2010). In addition, an argument not made on direct appeal is deemed abandoned. *Snider v. American Family Mut. Ins. Co.*, 297 Kan. 157, 161, 298 P.3d 1120 (2013).

Here, Wells had the opportunity to challenge the district court's ruling on Midstates Energy's intervention on direct appeal and—for whatever reason—failed to do so. This appeal—limited to the rulings made by the district court in its order filed on February 14, 2022—should not be used as an opportunity to resurrect issues that were abandoned in the direct appeal. Accordingly, we conclude that Wells' cross-appeal should be dismissed.

Reversed in part and dismissed in part.